IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMANDA MIRACLE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case. No. 23-4056-DDC-GEB |
| ) | |
| KEN HUSH, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' ANSWER**

Defendants for their Answer to plaintiffs' Complaint:

1.  Are without sufficient information to form a belief as to the truth of the allegations contained in: paragraphs 8-16; paragraphs 64-65; paragraph 123; paragraph 152; paragraph 171; paragraph 189; and paragraph 204.

2.  Admit: paragraphs 1-2; paragraphs 4-5; paragraphs 17-27; paragraph 32; paragraphs 36-37; paragraph 46; as to paragraph 55 only that the KBOR adopted the WMP on January 20, 2021; paragraphs 56-59; paragraphs 61-63; paragraph 69; as to paragraph 72 only that each plaintiff received written notice of administrative appeal information; as to paragraph 74 only that ESU provided each plaintiff with written responses that speak for themselves; paragraphs 75-76; paragraph 104; paragraph 111; as to paragraph 112 only that the case cited speaks for itself; paragraph 167; as to paragraphs 221-222 only that the cited constitutional provisions speak for themselves;

1

as to paragraph 236 only that defendants consist of more than two people; and as to paragraph 244 and paragraph 261 only that the First Amendment speaks for itself.

3. Paragraphs 39-41 do not contain legal or factual allegations and therefore no response is required of the defendants.

4. Deny: every allegation in plaintiffs' Complaint that is not expressly admitted in this Answer.

5. Aver that each cited exhibit speaks for itself.

6. Aver that qualified immunity applies to defendants.

7. Aver that Eleventh Amendment immunity applies.

8. Aver that *Pullman* and *Colorado River* abstention apply.

9. Aver that waiver applies for failure to raise a counterclaim in other proceedings.

10. Aver that *res judicata* and claim preclusion doctrine applies.

11. Aver that plaintiffs have failed to allege their conspiracy claims with particularity.

12. Aver that state law claims cannot be brought pursuant to 42 U.S.C. § 1983.

13. Aver that legislative immunity applies to rulemaking governmental bodies.

14. Reserves the right to assert any additional defenses for which discovery and subsequent investigation reveal a basis.

Wherefore, Defendants ask that Plaintiffs take nothing by their Complaint; that the Defendants be granted judgment in their favor as to all of Plaintiffs' claims; that any costs be assessed against Plaintiffs; and that Defendants be granted such additional relief as the Court may deem just and equitable.

Respectfully Submitted,

OFFICE OF KANSAS ATTORNEY GENERAL
KRIS W. KOBACH

/s/ Shon. D. Qualseth
Shon D. Qualseth, KS S Ct. #18369
First Asst. Attorney General/Sr. Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Telephone:  785-368-8424
FAX:  785-291-3767
Email: *shon.qualseth@ag.ks.gov*
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of September, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

J. Phillip Gragson
Amanda S. Vogelsberg
John H. Hutton
Kara L. Eisenhut
Henson, Hutton, Mudrick, Gragson
& Vogelsberg, LLP
3649 SW Burlingame Rd., Ste. 200
Topeka, KS  66611-2155
*Attorneys for Plaintiffs*

                                          /s/ Shon D. Qualseth
                                          Shon D. Qualseth