IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMANDA MIRACLE, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   Case. No. 23-4056-DDC-GEB |
| | ) |
| KEN HUSH, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**DEFENDANTS' MOTION TO STAY DISCOVERY
AND MEMORANDUM IN SUPPORT**

Defendants move for an order staying all discovery and any other related Rule 26 proceedings in this case until the District Court rules on their upcoming Motion for Judgment on the Pleadings. Defendants plan to file their Motion for Judgment on the Pleadings by Friday, November 17, 2023. The undersigned counsel has consulted with counsel for the Plaintiffs, and counsel for the Plaintiffs oppose this Motion to Stay. In support of the Motion to Stay, Defendants state as follows.

**NATURE OF THE MATTER BEFORE THE COURT**

In this action, Plaintiffs, formerly employed at Emporia State University, allege that they have been wrongfully terminated in violation of the United States and Kansas Constitutions. (Doc. 1 at 2, 30-60.) They allege that Defendants have conspired to deny them procedural and substantive due process and equal protection and acted in retaliation for Plaintiffs' exercise of their First Amendment freedom of association. (Doc. 1 at 30-60.) Defendants plan to file a Motion for Judgment on the Pleadings by Friday, November 17, 2023, seeking dismissal of Plaintiffs' claims for lack of subject-matter jurisdiction (due to Eleventh Amendment immunity) and for failure to state a claim (in light of qualified immunity).

## ARGUMENTS AND AUTHORITIES

The Court has great flexibility in determining the time, manner, and scope of discovery. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."). "And it is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015). While "[t]he general policy in this district is not to stay discovery even though dispositive motions are pending," there are several circumstances where it is appropriate, such as:

- when a decision on the pending motion is likely to end the case,
- "where the facts sought through uncompleted discovery would not affect the resolution of the motion," and
- "where discovery on all issues of the broad complaint would be wasteful and burdensome."

*Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

Another such circumstance is when the defendant's motion raises issues of immunity. *McCormick v. City of Lawrence*, 218 F.R.D. 687, 693 (D. Kan. 2003) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Citizens for Objective Pub. Educ., Inc. v. Kan. State Bd. of Educ.*, No. 13-4119-KHV, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013) (holding stay of discovery was warranted because defendants' motion to dismiss raised sovereign immunity); *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013) (noting "the well-established exception" to the district's general policy when defendants raise qualified immunity in their dispositive motion). Staying discovery in such cases allows the Court to

resolve the threshold question of whether defendants are entitled to immunity before subjecting the defendants to the burdens of discovery, which immunity protects them from. *See Stonecipher v. Valles*, 759 F.3d 1134, 1148-49 (10th Cir. 2014)); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (saying qualified immunity "is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery, as inquiries of this kind can be peculiarly disruptive of effective government").

Here, all four of these circumstances are present. The Court should stay discovery until it rules on Defendants' upcoming motion because that motion will raise threshold issues likely to dispose of the claims in the case. The motion will argue extensively that the Court lacks subject-matter jurisdiction over many claims and that Plaintiffs fail to state a claim. Discovery will not aid the Court in deciding these matters, as they are questions of law, not fact. Accordingly, until the Court decides the dispositive legal and jurisdictional issues that will be raised in Defendants' motion, discovery would be wasteful, burdensome, and non-productive, for both the Court and the parties.

Finally, Defendants will raise issues of immunity. Qualified immunity is meant "to free officials from the concerns of litigation, including 'avoidance of disruptive discovery,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)), and Eleventh Amendment immunity is a jurisdictional bar. *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019). Orders denying an official's claims of immunity are immediately appealable under the collateral order doctrine insofar as they turn on questions of law because "the value . . . is for the most part lost as litigation proceeds past motion practice." *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145, 147 (1993). Defendants are entitled to resolution of the immunity issues

3

as a threshold matter because immunity from suit includes protection from unwarranted discovery. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) ("Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred."); *Liverman v. Comm. on the Judiciary*, 51 F. App'x 825, 827-28 (10th Cir. 2002) (affirming stay of discovery where defendant raised sovereign immunity as a defense).

## CONCLUSION

All four circumstances discussed above where a stay of discovery is appropriate are met here. Thus, the Court should grant this motion and enter an order staying discovery and any other Rule 26 activities in this case until it rules on Defendants' upcoming Motion for Judgment on the Pleadings.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

*/s/ Shon. D. Qualseth*
Shon D. Qualseth, KS S Ct. #18369
First Asst. Attorney General/Sr. Trial Counsel
Matthew L. Shoger, KS S Ct. # 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Telephone:  785-368-8424
Telephone:  785-296-2215
FAX:  785-291-3767
Email: *shon.qualseth@ag.ks.gov*
Email: *matt.shoger@ag.ks.gov*
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of November, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

                                            */s/ Shon D. Qualseth*
                                            Shon D. Qualseth