IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMANDA MIRACLE, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case. No. 23-4056-DDC-GEB |
| | ) |
| KEN HUSH, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## DEFENDANTS' REPLY IN SUPPORT OF
## THEIR MOTION TO STAY DISCOVERY

Defendants Kansas Board of Regents ("KBOR"), Emporia State University ("ESU"), and the individual defendants submit this Reply in further support of their Motion to Stay Discovery (Doc. 9). Defendants assert that Plaintiffs do not overcome their legal arguments. Accordingly, Defendants' motion should be granted in its entirety. Defendants incorporate herein, as if set forth in full, the arguments and authorities in their motion. (Doc. 9.) Defendants' motion should be granted for the reasons previously stated.

Despite Plaintiffs' Response (Doc. 11) being twice as long as the underlying motion, Plaintiffs have ignored all but one of the fourteen cases cited by Defendants. Plaintiffs fail to address the holdings of four U.S. Supreme Court opinions, five Tenth Circuit opinions (four of which are published), and four District of Kansas orders (two of which are published) cited by Defendants, all of which plainly apply to this case. Plaintiffs mention Defendants' arguments regarding the *Workman v. Jordan* case from the Tenth Circuit only to say they disagree that it applies because they apparently do not believe Defendants could possibly have a colorable qualified immunity argument here worthy of the Court's attention. (*See* Doc. 11 at 7.)

But Defendants have filed a Motion for Judgment on the Pleadings (Doc. 13), which makes strong arguments for at least ten bases, including Eleventh Amendment and qualified immunity, on which the Court can dismiss all or some of the claims and/or defendants in this case, or in the alternative abstain:

1) Eleventh Amendment immunity bars claims against the entities ESU and KBOR;

2) Eleventh Amendment immunity bars claims for injunctive relief based on state law;

3) Eleventh Amendment immunity bars official capacity claims for monetary damages;

4) Plaintiffs fail to establish constitutional standing against all defendants except Hush due to lack of causation and redressability;

5) Qualified immunity bars all of plaintiffs' claims;

6) Plaintiffs have failed to allege their constitutional claims with specificity;

7) Exclusive state law remedies bar state law claims;

8) Plaintiffs' conspiracy claims lack specificity;

9) Plaintiffs' Section 1985 claims lack allegations of racially discriminatory animus; and

10) State court proceedings related to this action have preclusive effects and are grounds for abstention.

Plaintiffs rely on cases from other district courts along with a generic factor test in an unpublished District of Kansas case from 1987. (Doc. 11 at 2-3 (citing *FDIC v. Renda*, 1987 WL 348635 (D. Kan. Aug. 6, 1987)). But the factor test from this unpublished *Renda* decision relied on by Plaintiffs is not controlling here because that case did not involve *any* of the four applicable circumstances discussed by Defendants that this Court has held in published decisions (which are also more recent) to merit a stay of discovery. (*See* Doc. 9 at 2.)

Plaintiffs claim that none of the claimed immunities in Defendants' motion apply to ESU or KBOR. (Doc. 11 at 4.) But as Defendants' Motion for Judgment on the Pleadings explains, Eleventh Amendment immunity bars all of Plaintiffs' claims against those defendants. (Doc. 13 at 9-10.)

Plaintiffs object that perhaps not all of the claims could be disposed of. (Doc. 11 at 4.) But even if true here, this Court has held that it is sufficient for a stay of discovery that immunity is raised regarding some of the claims. *Makthepharak v. Kelly*, No. 23-2121-DDC (Doc. 20) (D. Kan. May 23, 2023) (finding good cause for a stay because of immunity arguments raised in a pending Motion for *Partial* Judgment on the Pleadings); *see also id.* (Doc. 16) (titled "Motion for *Partial* Judgment on the Pleadings").

Plaintiffs say they plan to amend their complaint to add an ADEA claim at some unknown point in the future. (Doc. 9 at 2, 5.) Not only will Plaintiffs not be able to make such an amendment without "the opposing party's written consent or the court's leave," Fed. R. Civ. P. 15(a)(2), but any such *future* claim, not presently before the court, has no relevance at all to whether discovery should *presently* be stayed. (It also has no relevance to whether Defendants' pending Motion for Judgment on the Pleadings on Plaintiffs' *current* claims should be granted.)

## CONCLUSION

For the reasons above and in Defendants' motion, the Defendants respectfully request that the Court grant their Motion to Stay Discovery (Doc. 9) in its entirety and enter an order staying discovery and any other Rule 26 activities in this case until it rules on Defendants' Motion for Judgment on the Pleadings.

Respectfully Submitted,

OFFICE OF KANSAS ATTORNEY GENERAL
KRIS W. KOBACH

/s/ Shon. D. Qualseth
Shon D. Qualseth, KS S Ct. #18369
First Asst. Attorney General/Sr. Trial Counsel
Matthew L. Shoger, KS S Ct. #28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
Telephone:  785-368-8424
Telephone:  785-296-6244
FAX:  785-291-3767
Email: *shon.qualseth@ag.ks.gov*
Email: *matt.shoger@ag.ks.gov*
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of November, 2023, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

J. Phillip Gragson
Amanda S. Vogelsberg
John H. Hutton
Kara L. Eisenhut
Henson, Hutton, Mudrick, Gragson
& Vogelsberg, LLP
3649 SW Burlingame Rd., Ste. 200
Topeka, KS  66611-2155
*Attorneys for Plaintiffs*

/s/ Shon D. Qualseth
Shon D. Qualseth