IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMANDA MIRACLE, et. al. | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )    Case No. 23-4056-JAR-GEB |
| | ) |
| KEN HUSH, et. al. | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs Christopher Lovett, Amanda Miracle, Michael Behrens, Rob Catlett, Dan Colson, Charles Emmer, Brenda Koerner, Sheryl Lidzy, Max McCoy, Michael Morales, and Lynnette Sievert, ("Plaintiffs"), by and through their counsel of record, and pursuant to Fed. R. Civ. P. 15(a)(2), D. Kan. Rules 7.1(a) and 15.1(a), submit this Memorandum in Support of their Motion for Leave to file Second Amended Complaint. Plaintiffs add two exhibits containing the Amended Complaint:

| INDEX OF EXHIBITS | |
|---|---|
| **Exhibits** | **Description** |
| A | Second Amended Complaint "clean" copy |
| B | Second Amended Complaint "redline" copy |

**RELIEF REQUESTED**

Pursuant to Fed. R. Civ. P. 15(a)(2) and D. Kan. Rule 15.1(a), Plaintiffs request leave to amend their pleading and file their Second Amended Complaint as follows: remove Plaintiffs' disparate impact claim under the ADEA against ESU and KBOR as requested to be dismissed without prejudice in Plaintiffs' Response Memorandum in opposition to Defendants' Motion to Dismiss and Memorandum in Support; modify Count III to clarify that it is a § 1983 claim, as it

1

was pled and intended to be a conspiracy claim under § 1983; add Plaintiffs' joint employer allegation claim to the Factual Allegations Common to All Counts, and add more specific factual allegations.

## **LEGAL STANDARD**

Under Fed. R. Civ. P. 15(a)(2), a plaintiff may file an amended complaint after an Answer has been filed with leave of court. The rule does not prescribe a time limit for the filing of amendments. Consequently, motions for leave to amend have been granted at various stages of litigation, including after the entry of judgment. *See, e.g., Newark Branch, NAACP v. Harrison,* 907 F.2d 1408, 1417 (3rd Cir. 1990).

The decision whether to allow an amendment is within the sound discretion of the court. *J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11-2112-EFM, 2012 WL 5995283, at *2 (D. Kan. Nove. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F. 3d 1486, 1494 (10th Cir. 1995)). In exercising its discretion, the court must be mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities. *Hinkle v. Mid-Continent Cas. Co.*, No. 11-2652-JTM-KMH, 2012 WL 2581000, at *1 (D.Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

"Generally, leave to amend is granted unless a weighing of several factors suggests that leave would be inappropriate." *Federal Civil Rules Handbook*, p. 545 (Thomson Reuters 2024). The United States Supreme Court identified the following factors that are to be considered by a court exercising its discretion in determining whether to grant a motion for leave to amend: 1) undue delay; 2) bad faith; 3) dilatory motive; 4) repeated failure to remedy problems in the complaint; 5) undue prejudice; and 6) futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts also consider the effect denial of leave to amend would have on plaintiff, the reasons for

2

plaintiff's failure to include or delete information earlier and possible injustice to third parties. There is a strong bias toward denying motions for leave to amend due to mere technicalities. *Foman,* 371 U.S. at 182. Indeed, Rule 15(a)(2) itself directs that "[t]he court should freely give leave when justice requires."

## STATEMENT OF FACTS

1. Plaintiffs commenced this action against Defendants by filing a Complaint in this District Court on July 12, 2023. (Doc. 1).

2. On September 28, 2023, attorneys, Shon Qualseth and Matthew Shoger, entered their appearance on behalf of all Defendants. (Doc. 5 and Doc. 6).

3. On September 29, 2023, Defendants filed their Answer to Plaintiffs' Complaint. (Doc. 7).

4. On October 11, 2023, the Honorable Magistrate Judge Gwynne Birzer entered an Initial Order Regarding Planning and Scheduling setting a scheduling conference for November 28, 2023. (Doc. 8).

5. On November 1, 2023, the parties' counsel conducted a zoom conference at which time Defendants' counsel advised they were going to file a Motion to Stay Discovery and a Motion for Judgment on the Pleadings.

6. On November 13, 2023, Defendants filed a Motion to Stay Discovery. (Doc. 9).

7. On November 20, 2023, Plaintiffs filed their Response to Defendants' Motion to Stay Discovery. (Doc. 11).

8. On November 20, 2023, Defendants filed a Motion for Judgment on the Pleadings seeking judgment in Defendants favor on a number of bases. (Doc. 13).

9. On November 21, 2023, the Court entered a Notice of Cancelled Hearing (Doc. 14), cancelling the Scheduling Conference scheduled for November 28, 2023, pending resolution of the Motion to Stay.

10. On December 12, 2023, the Honorable District Court Judge Daniel Crabtree entered an Order of Recusal (Doc. 19), and re-assigned the case to the Honorable District Court Judge Julie Robinson.

11. On December 26, 2023, Plaintiffs filed their First Motion for Leave to Amend and Memorandum in Support simultaneously with their Memorandum in Opposition to Defendants' Motion for Judgment on the Pleadings. On January 9, 2024, Plaintiffs' First Amended Complaint was entered into the record (Doc. 25).

12. On January 10, 2024, the Court found Defendants' Motion for Judgment moot (Doc. 26), and on January 11, 2024, the Court found Defendants' Motion to Stay Discovery moot (Doc. 27).

13. On February 6, 2024, Defendants filed their Motion to Dismiss (Doc. 31).

14. On March 5, 2024, Plaintiffs filed their Response to Defendants' Motion to Dismiss (Doc. 34), detailing their intent to request leave to file a Second Amended Complaint.

### THE COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND

This is Plaintiffs' second request to amend its pleading. As required by local rule, see D. Kan. Rule 15.1(a)(2), a copy of Plaintiffs' proposed pleading is attached hereto as Exhibit A, along with a redline copy attached hereto as Exhibit B. Plaintiff's proposed pleading does not add additional parties. Instead, it removes Plaintiffs' disparate impact claim under the ADEA against ESU and KBOR as requested to be dismissed without prejudice in Plaintiffs' Response Memorandum in opposition to Defendants' Motion to Dismiss and Memorandum in Support;

modifies Count III to clarify that it is a § 1983 claim, as it was pled and intended to be a conspiracy claim under § 1983; adds Plaintiffs' joint employer allegation claim to the Factual Allegations Common to All Counts; and adds or modifies allegations to provide more specificity on what action or inaction defendants took and which defendants took or failed to take said action.

Allowing Plaintiffs to amend their pleadings is consistent with the purposes of Rule 15(a)(2), as well as the six *Foman* factors. The parties have not conducted a planning conference due to Defendants' Motion to Dismiss (Doc. 31), there is no Scheduling Conference scheduled, and no discovery has taken place in this action. As a result, allowing Plaintiffs to Amend will not delay the proceedings.

Plaintiffs' proposed amendment does not result in any substantial or undue prejudice to Defendants as the modifications to Plaintiffs' Amended Complaint addresses Defendants' arguments about specificity and do not increase the arguments presented. Rather, the modifications seek to clarify Plaintiffs' claims. See, e.g., *Popp v. Telecom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) ("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party"); Further, the proposed Second Amended Complaint removes the ADEA claim Defendants have sought to have dismissed in their Motion to Dismiss (Doc. 31) against ESU and KBOR, and clarify Plaintiffs' claims. *Federal Civil Rules Handbook*, p. 545 (Thomson Reuters 2024) ("…no unfair prejudice exists simply because a party has to defend new or better pleaded claims").

Plaintiffs' purpose in seeking leave to amend their pleading is not to delay the litigation, but rather, to make sure Plaintiffs' claims are adequately pled and make this multi-party litigation more judicially efficient. Plaintiffs' request to amend is in good faith, and there can be

5

no reasonable suggestion that Plaintiffs' request to amend is motivated by a desire to delay the litigation. Rather, by adding more specificity and explanation, Plaintiffs believe their amendments will result in efficiency and judicial economy, and prevent their claims from being dismissed.

On the other hand, denial of leave to amend would unfairly prejudice Plaintiffs in that Plaintiffs would be unable to pursue all viable theories of recovery against culpable Defendants. Accordingly, Plaintiffs respectfully urge the Court to follow the strong preference for granting leave to amend, as well as the mandate of Fed. R. Civ. P. Rule 15(a)(2) that "[t]he court should freely give leave when justice so requires."

## CONCLUSION

For the reasons set forth in this, as well as those set forth in the underlying Motion, WHEREFORE, for the reasons set forth in this Memorandum, as well as those set forth in the Motion for Leave, Plaintiffs respectfully ask the Court to grant their Motion for leave to file their Second Amended Complaint (attached hereto as Exhibit A), and for such further and additional relief as the Court deems just and equitable.

Respectfully submitted,

/s/ J. Phillip Gragson
J. Phillip Gragson, #16103
Amanda S. Vogelsberg, #23360
John H. Hutton, #16573
Kara L. Eisenhut, #27055
Henson, Hutton, Mudrick, Gragson
& Vogelsberg, LLP
3649 SW Burlingame Rd., Ste. 200
Topeka, KS  66611-2155
785.232.2200 (phone); 785.232.3344 (fax)
jpgragson@hhmglaw.com
avogelsberg@hhmglaw.com
jhutton@hhmglaw.com
keisenhutt@hhmglaw.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed on this 5th day of April 2024 with the clerk using the EM-ECF system which will send notice to all parties of record.

/s/ J. Phillip Gragson
Attorneys For Plaintiffs