Exhibit E

**BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS**
**STATE OF KANSAS**

Brenda Koerner,
    Appellant,                               OAH No. 23BR0015 BR

v.

Emporia State University
    Respondent.

**<u>FINAL ORDER</u>**

The above captioned matter comes before the Presiding Officer/Administrative Law Judge (ALJ) following an administrative hearing.

**<u>Statement of the Case:</u>**

Appellant, Brenda Koerner (Koerner), requested an administrative hearing to appeal action taken by the Respondent, Emporia State University (ESU), to terminate her employment as a member of the ESU teaching faculty under the Emporia State University Framework for Workforce Management (FWM). [ESU Exhibit H.]

The FWM as approved by the Kansas Board of Regents (KBOR), provided that an individual notified of his or her termination under the FWM, had the right to appeal the action to the ESU President, and to further appeal the response by the ESU President for an administrative hearing before the Office of Administrative Hearings (OAH).

The issue before OAH for this proceeding was whether ESU's action to terminate employment was proper in accordance with the governing statutes, rules, regulations, and policies governing ESU's actions.

The original hearing date was rescheduled to a later date at the request of Koerner. The hearing was then conducted on March 2, 2023 by video conference before the undersigned ALJ. Koerner appeared without an attorney. Steven Lovett, Associate General Counsel, appeared on behalf of ESU.

**<u>Evidentiary Rulings:</u>**

Pursuant to the procedures contained in the FWM: "The review shall be based upon the written materials submitted, along with any oral presentation to the administrative hearing officer by the employee and the university."

On November 30, 2022, OAH received the following documents:
- Request for administrative hearing/appeal forwarded from KBOR.
- Dismissal letter from ESU to Koerner dated September 15, 2022.
- Copy of numerous emails Koerner had received and printed.
- Copy of calendar appointments/cancellations printed by Koerner.
- Copies of additional documents Koerner submitted with her appeal including email correspondence between Koerner, ESU President Ken Husch (Husch) and others, copies of calendar appointments/cancellations printed by Koerner, copies of additional documents including ESU faculty senate response to the proposed FWM, a copy of the FWM, copies of Biology department faculty expectations, a copy of Koerner's *curriculum vitae* (CV), and other personnel documents, and text message conversations.
- Correspondence between ESU and KBOR requesting an extension of time to provide ESU's response to Koerner's appeal.
- Email correspondence from KBOR to Koerner advising that KBOR had granted ESU an extension until November 29, 2022 to respond to her appeal.
- ESU's response to the appeal dated November 29, 2022.
- ESU Exhibits A through W.

On February 24, 2023 OAH received additional documents from Koerner submitted through 27 separate uploads filed with OAH through the OAH E-file system. Koerner uploaded additional documents on February 25, 2023.[1]

These documents were provided to OAH and therefore pursuant to the procedures contained in the FWM are considered part of the record along with the oral presentation.[2]

## *Findings of Fact:*

1. ESU is an institution of higher education governed by KBOR.

2. Koerner was a tenured professor of Biological Sciences at ESU.

3. On January 20, 2021, KBOR initially approved a "Temporary Pandemic-Related Amendments to the Suspensions, Terminations and Dismissals Policy" (Temporary Policy). [ESU Exhibit C.] The Temporary Policy gave KBOR governed universities the opportunity to submit proposed framework to KBOR for approval procedures by which each university may seek to terminate employment of employees, including tenured faculty.

4. ESU presented its FWM [ESU Exhibit H.] to KBOR. The FWM was on KBOR's discussion agenda for September 14-15, 2022. [ESU Exhibit G.]

---

[1] Koerner uploaded an additional document "Departmental Statistics" on March 2, 2023 which was uploaded to the OAH E-File system at 11:16 a.m., after the hearing was closed and therefore cannot be considered part of the record.
[2] The FWM provides, "The review shall be based upon the written materials submitted, along with any oral presentation to the administrative hearing officer by the employee and the university."

5.  On or about September 14, 2022, KBOR approved ESU's FWM.

6.  The FWM noted financial pressures experienced by ESU which had been accelerated by the COVID-19 pandemic, decreased program and university enrollment, and state fiscal issues. The FWM recognized circumstances necessitated review and restructuring which would require modification, reorganization, suspension or elimination of certain operations, programs, and curriculum.

7.  The FWM, as approved by KBOR, granted ESU the authority to terminate employment of employees, including tenured faculty, for specific criteria outlined within the FWM.

8.  Reasons justifying dismissal of staff set forth in the FWM, included, but were not limited to:

    a.  Low enrollment;
    b.  Cost of operations;
    c.  Reduction in revenue for specific departments or schools;
    d.  Current or future market considerations as to the needs for a program or department;
    e.  Restructuring of a program, department, or school as determined to be necessary by the university;
    f.  Realignment of resources;
    g.  Performance evaluations;
    h.  Teaching and research productivity;
    i.  Low service productivity.

9.  The FWM further specified :

    A decision for action must be made in consideration of the following:
    - Relevant accreditation requirements for the program, school, or college.
    - Course availability to students in order to complete degree requirements. Course availability means students can take necessary courses either at ESU or through another university or community college in Kansas.

10. The FWM set forth a procedure for any action taken by ESU.
    a.  ESU had to provide at least a 30-day advance written notice of the suspension, dismissal, or termination to the affected employee. The notice was to include:
        i.   a statement the action was taken pursuant to the policy,
        ii.  the reasons for the action,
        iii. effective date of the action,
        iv.  any considerations provided by the university (severance pay, payouts, retirement options, etc.).

    b. The affected employee had a 30-day period to appeal the suspension, dismissal, or termination through KBOR for an administrative hearing before OAH.
    c. The only grounds for reversal of the suspension, dismissal, or termination are to establish the action are if the suspension, dismissal, or termination was:
        i. Inconsistent with the FWM approved by KBOR,
        ii. The result of unlawful bias or discrimination, or
        iii. Unreasonable, arbitrary, or capricious.
    d. The employee was required to provide a written statement and any relevant supporting documents as to why the employee believed the action was incorrect at the time of filing the appeal to KBOR and a copy with the ESU President.
    e. The ESU President then had a 30-day window of time to provide a written response to KBOR and the employee along with any supporting documentation.
    f. After the President's response was received, the employee then had a 10-day window to appeal the matter for an administrative hearing before OAH.
    g. The procedures in the FWM specify the employee has the burden of proof for the appeal hearing and that the decision of the ALJ is final, and not subject to further administrative review.

11. On September 15, 2022, ESU issued a letter to Koerner providing notice that her employment as an Associate Professor, Biological Sciences with ESU would end effective May 16, 2023 pursuant to the KBOR approved policy. The notice cited factors for the action including, but not limited to:
    - Low enrollment.
    - Current or future market considerations as to the need for a program or department.
    - Restructuring of a program, department, or school as determined to be necessary by the university.
    - Realignment of resources.
    
    The notice advised that secondary considerations may include:
    - Cost of operations.
    - Reduction in revenues for specific departments or schools.
    - Performance evaluations.
    - Teaching and research productivity.
    - Low service productivity.

    The notice included a packet which provided Koerner details of her rights and benefits. The notice informed Koerner she would receive three (3) months of severance pay. [ESU Exhibit A.]

12. Koerner submitted an appeal of her termination to KBOR on October 6, 2022. In the appeal request Koerner challenged her termination. She alleged:
    a. The FWM should never have passed;
    b. Her termination was inconsistent with ESU's decision making framework approved by KBOR;
    c. Her dismissal was the result of unlawful bias and discrimination; and
    d. Her dismissal was unreasonable, arbitrary, and capricious.

13. On November 29, 2022, ESU filed a response to Koerner's appeal along with supporting Exhibits A through W with KBOR and the matter was referred to the Office of Administrative Hearings (OAH) to conduct an administrative hearing.

14. An administrative hearing was originally scheduled to be held on February 23, 2023. However, Koerner, requested a continuance. The request was granted, and the matter was rescheduled for March 2, 2023.

15. Koerner argued that there was no evidence her job performance had been unsatisfactory.

16. Koerner alleged that she had not received sufficient notice since the notification sent to the faculty members who were terminated as a result of the FWM was nearly identical for each faculty member.

17. Koerner alleged the ESU president lacked the authority to terminate her employment because of the procedures in place in ESU policies and manuals.

18. Koerner argued that the FWM had not provided for hearings before the faculty body regarding termination of any faculty.

19. Koerner offered a statement from another faculty member alleging her dismissal was harmful to the educational programs offered by ESU and that Koerner could have taught other courses offered by ESU.

20. Koerner alleged that her termination was discriminatory. She provided a list she complied which purported to show that 26 of 30 terminated faculty members were over age 40 and she alleged overall only 74% of university faculty was over age 40. Koerner further claimed that the only faculty members in her department who were terminated were females.

21. Koerner further claimed she could have taught other course offerings at ESU and that financial considerations are always of concern for universities.

22. ESU's response to Koerner's appeal submitted to KBOR on November 29, 2022 identified that Koerner is an Ecologist who has taught courses in Botany at ESU. ESU noted that demand for the Botany concentration was limited, and demand has declined and the Botany concentration had been suspended and a decision was made to hire a mammologist. ESU further noted that one of the courses Koerner has taught that was historically required for all Elementary Education majors was no longer required for any program as of the fall of 2021. ESU made the decision to restructure and realign academic programs for courses outside of what Koerner teaches. In short, ESU made the decision that the courses Koerner taught were no longer required courses for any program and therefore her contributions in teaching, scholarship, and service were no longer needed by the department or ESU.

23. ESU argued the authority of the ESU President to make employment decisions was established by the FWM, and therefore is outside of other ESU policies or procedures.

24. ESU argued that the reduction in force pursuant to the FWM specifically stated no other university policies were to be used, and the actions were not performance or merit based.

25. ESU further argued that Koerner's arguments were not proper in this proceeding which was to challenge the action taken pursuant to the FWM.

## *Analysis and Conclusions of Law:*

In requesting a hearing, the burden of proof is on the person or persons challenging the validity of the agency action to prove by a preponderance of the evidence that the action is unreasonable.[3]

As noted above, this proceeding is not conducted pursuant to KAPA. There are no provisions in the KBOR policy or the FWM which specify the standard of proof that applies. The lowest standard of proof is the "preponderance of the evidence," which means evidence that shows a fact is probably more true than not true.[4] Absent a more stringent standard in either KBOR policy or the FWM, this lowest standard must be applied. Therefore, Koerner has the burden to show, by the preponderance of the evidence, and not a higher standard, that the action taken by ESU was invalid.

In this proceeding, Koerner raises concerns with several issues that are outside the scope of the authority of this tribunal in this proceeding.

The Office of Administrative Hearings (OAH) is an administrative agency in the Executive Branch of government of the State of Kansas. As an administrative agency, OAH does not have any common-law authority. In an administrative proceeding, OAH lacks the authority to address constitutional questions. Such power is reserved for the courts.[5] OAH lacks the authority to invalidate a statute, or a rule, regulation, or policy implemented by an administrative agency. OAH is not a court of equity. Koerner raised many issues which are outside the scope of the authority of this tribunal.

*Tenure as a property right* – Koerner argued that she had a property right in her tenured position as a professor, and therefore, that property could not be taken away without due process. As noted the courts have previously held that a tenured professor possessed a property interest in his or her position and therefore the position was subject to substantive due process protections of the Constitution of the United States.[6] However, OAH does not have the authority to address constitutional issues.[7]

---

[3] *Shawnee Mission Medical Ctr. v. KDHE*, 235 Kan. 983, 988, 685 P.2d 880 (1984).
[4] *In re B.D.-Y.*, 286 Kan. 686, Syl ¶1, 187 P.3d 594 (2008), (citing *Ortega v. IBP. Inc.,* 255 Kan. 513, 527-528, 874 P.2d 1188 (1994)).
[5] *Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, 632, 176 P.3d 938 (2008).
[6] *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504 (10th Cir. 1998).
[7] *See: Martin v. Kansas Dept. of Revenue*, 285 Kan. 625, 176 P.3d 938 (2008).

OAH lacks the authority to address whether the action taken by ESU complied with any constitutional protections, such as due process regarding the taking of a property right.

*Fairness/procedures/presenting witnesses* – The KBOR policy and the FWM set forth the procedure and guidelines for ESU to terminate employment of its employees, including Koerner. Pursuant to those governing procedures, a terminated employee had the right to appeal that termination and request a hearing before OAH. Those procedures in the KBOR policy and the FWM did not provide for the hearing to be conducted pursuant to the Kansas Administrative Procedures Act (KAPA)[8] or under any other procedural rules addressing the time the parties would have to prepare, or allowing for the parties to conduct discovery, call witnesses, or any other procedural steps to prepare and submit evidence to support a party's position.

OAH is not a court of equity. The ALJ does not have the authority to implement procedures or procedural schedules that might allow for the parties to conduct discovery or present testimony of additional witnesses. The KBOR Policy and FWM did not set forth any additional procedural steps. Effectively, the parties had the opportunity to file exhibits prior to the hearing and then to appear to argue/testify to present their respective positions. Additionally, as noted above, the ALJ does not have the authority to invalidate a statute, rule, regulation or policy. The ALJ lacks authority to implement additional procedures for the parties to follow in preparing their respective cases. Therefore, the ALJ cannot alter or invalidate the procedures governing this appeal. The ALJ cannot alter or invalidate the KBOR Policy or FWM.

The limited scope of the authority granted to OAH is to conduct a hearing and issue a ruling as to whether the action by ESU was:
  i. Inconsistent with the FWM approved by KBOR,
  ii. The result of unlawful bias or discrimination, or
  iii. Unreasonable, arbitrary, or capricious.

OAH only has the authority to address this matter in accordance with the provisions set forth in the KBOR policy/FWM.

*Was Koerner's termination inconsistent with the FWM approved by KBOR?*

The FWM set forth procedures for any action taken by ESU. The procedures set forth the following procedural steps.
  a. Notice of the action.
  b. Appeal.
  c. Time frame for an appeal.
  d. Response to the appeal by the ESU President.
  e. Submission of appeal to OAH.
  f. Hearing before OAH.
  g. Decision from OAH that is final and not subject to further administrative review.
  h. Action is not stayed during the appeal. (ESU Exhibit A.)

---

[8] K.S.A. 77-501 *et seq.*

Koerner received notice of her termination which listed factors that may have been the reason for the termination. Koerner pointed out the reasons were vague given that similar notice was provided to all terminated faculty. However, it is noted that in accordance with the procedural steps outlined in the FWM, ESU provided a response to Koerner's appeal which provided specific information regarding the changes within the department, program, and course offerings. After ESU provided its response, Koerner had the opportunity to submit additional documents for the record. As noted above, Koerner did in fact submit additional documents on February 24, 2023, and February 25, 2023 prior to the hearing.

Koerner has failed to meet her burden to establish that her termination was inconsistent with the FWM as approved by KBOR.

*Was the termination the result of unlawful bias or discrimination?*

Koerner raised concerns that her termination was due to age and/or gender discrimination. She alleged the majority of terminated faculty were over age 40, in a greater proportion to overall faculty. She further claimed that the only biology faculty terminated pursuant to the FWM were females. However, the mere fact that she is a female or that she may be over age 40 does not establish the action taken was due to unlawful discrimination. ESU has established valid, non-discriminatory reasons for elimination of the position due to changes in courses and programs.

*Was the termination unreasonable, arbitrary, or capricious?*

The evidence on the record is sufficient to establish that Koerner taught courses Botany, and that ESU suspended the Botany concentration, and changes in requirements of other programs have resulted in a reduced need for courses that Koerner teaches. The fact that Koerner or others may disagree with changes does not make such decision by ESU unreasonable, arbitrary, or capricious. As addressed above, ESU has presented valid reasons for program changes.

As noted above, the scope of this tribunal is limited and the ALJ does not have the authority to invalidate or change any statute, rule, regulation, or policy of KBOR or ESU. This tribunal does not have the authority to address contractual disputes, constitutional issues, or other civil/tort claims of either party. This tribunal only has the authority to address whether the action taken by ESU was taken in accordance with the authority put in place to govern ESU as an administrative agency.

In light of the record as a whole, Koerner has not established that her termination as a tenured professor at ESU was a) substantially inconsistent with the KBOR Policy or ESU FWM; b) a result of unlawful bias or discrimination; or c) otherwise unreasonable, arbitrary, or capricious. Therefore, Koerber's termination by ESU must be affirmed under the KBOR Policy and FWM.

***Conclusion:***

      ESU's action to terminate the employment of Koerner is affirmed.

IT IS SO ORDERED.

                                            Matthew A. Spurgin
                                            Administrative Law Judge
                                            Office of Administrative Hearings

### Right to Seek Relief from this Decision

The above proceeding was conducted pursuant to the Emporia State University Framework for Workforce Management (Framework), which was approved by the Kansas Board of Regents on September 14, 2022. Pursuant to the Framework, the above proceeding was not conducted pursuant to the Kansas Administrative Procedures Act.[9]

This order is effective on the date reflected on the certificate of service.

According to the Framework this order is not subject to further administrative review by any officer or committee of Emporia State University or the Kansas Board of Regents. This order therefore constitutes final agency action which may grant further appeal rights pursuant to the Kansas Judicial Review Act (KJRA).[10] The KJRA applies to "all agencies and all proceedings for judicial review and civil enforcement of agency actions not specifically exempted by statute from the provisions of this act."[11] According to the KJRA:

> A person who qualifies under this act regarding (1) standing (K.S.A. 77-611), (2) exhaustion of administrative remedies (K.S.A. 77-612) and (3) time for filing the petition for judicial review (K.S.A. 77-613) and other applicable provisions of law regarding bond, compliance and other preconditions is entitled to judicial review of final agency action, whether or not the person has sought judicial review of any related nonfinal agency action.[12]

Judicial review is governed by the KJRA.[13] A party seeking judicial review may do so by filing a petition in a district court in the county in which the order or agency action was entered or is effective.[14] A petition for judicial review must be filed with the district court within 30 days from the date this order was served.[15] If a petition for judicial review is filed, a copy must be served on the opposing party as required by law.

---

[9] K.S.A. 77-501 *et seq.*
[10] K.S.A. 77-601 *et seq.*
[11] K.S.A. 77-603.
[12] K.S.A. 77-607(a).
[13] K.S.A. 77-606(d).
[14] K.S.A. 77-609(b).
[15] K.S.A. 77-613.

**Certificate of Service**

On _November 8th_, 2023, I certify that a copy of the foregoing was served electronically through OAH's e-filing system to:

Brenda Koerner
1234 Rural Street
Emporia, KS 66801

Steven Lovett
Associate General Counsel
Emporia State University
1 Kellogg Circle
Box 4001
Emporia, KS 66801

_[signature]_
Staff Person
Office of Administrative Hearings
1020 S. Kansas Avenue
Topeka, KS  66612
785-296-2433
785-296-4848 (fax)