**Exhibit F**

**BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS**
**STATE OF KANSAS**

Sheryl Lidzy,

        Respondent,

                                        OAH No.     23BR0011 BR

v.

Emporia State University,

        Agency.

**ORDER**

Statement of Case

      This matter comes before the Office of Administrative Hearings (OAH) for an Administrative Hearing pursuant to the Kansas Board of Regents (KBOR) approval of Emporia State University's (ESU) *Framework For Workforce Management*.[1] An administrative hearing was held February 7, 2023. The issue in this matter is whether ESU's action to terminate Sheryl Lidzy, PhD, is in compliance with ESU's Framework as approved by KBOR. Dr. Lidzy appears *pro se*. ESU appears through its attorney Kevin Johnson. The parties each filed written arguments and made oral arguments. This proceeding was held pursuant to KBOR's Suspension, Terminations and Dismissals policy.[2]

Findings of Fact

1.     Dr. Lidzy is a tenured associate professor in Communication and Theatre with ESU and has been with ESU since 2006. On September 15, 2022, Dr. Lidzy was notified that her employment with ESU would end May 16, 2023. It is this action that is the basis of Dr. Lidzy's appeal to OAH.

2.     The ESU Framework was submitted to the KBOR at its meeting on September 14, 2022. KBOR determined that the Framework was in compliance with its policy[3] and authorized ESU to implement the Framework.

---

[1] *Kansas Board of Regents Policy Manual*, Chapter II, §C, ¶6(b)(ii)(5) and *Emporia State University Framework for Workforce Management*.
[2] *Kansas Board of Regents Policy Manual*, Chapter II, §C, ¶6 (b).
[3] *Kansas Board of Regents Policy Manual*, Chapter II, §C, ¶6(b)(ii).

1

3. The correspondence notifying Dr. Lidzy that her appointment as Associate Professor in Communication and Theatre was being terminated indicated that the action was being taken pursuant to the *Kansas Board Of Regent's Policy Manual* and *Emporia State University Framework For Workforce Management* (Framework). The notice cited extreme financial pressures accelerated by the COVID-19 pandemic, decreased program and university enrollment, continuing and ongoing increases in the cost of operations, and substantive changes in the educational marketplace.

4. The letter terminating Dr. Lidzy indicates:

    Specifically, this action is based on factors such as, but not limited to:
    - Current or future market considerations as to the need for a program or department.
    - Realignment of resources.

    Secondary considerations may include:
    - Low enrollment
    - Cost of operations.
    - Reduction in revenues for specific departments or schools.
    - Restructuring of a program, department, or school as determined to be necessary by the university.
    - Performance evaluations.
    - Teaching and research productivity.
    - Low service productivity.

5. Within the Communication and Theatre Department, ESU has chosen to suspend the concentration in Relational Communication for Bachelor of Arts in Communication and in Bachelor of Science in Communication.[4] Within the Communication and Theatre Department, ESU has launched a new concentration in Communication, Emerging Technologies, & Society.[5]

6. Because ESU has chosen to shift a concentration to Communication, Emerging Technologies, & Society and because the Relational Communications concentration has been suspended. In his Affidavit, Dr. Thomas opined that there is no longer a need for Dr. Lidzy's instruction, research, or service activities in Relational Communications. ESU has advertised for an individual to teach the concentration in Communication, Emerging Technologies, & Society to have experience in social media strategy and analytics, influencing, digital video, user experience, artificial intelligence, algorithms, virtual reality,

---

[4] Affidavit of Dr. Brent Thomas, Interim Provost & Vice President of Academic Affairs, and dean of the College of Liberal Arts &: Sciences at Emporia State University, 17.
[5] *Id.* ¶12.

2

or gaming/interactive media and knowledge of software applications relevant to the position (e.g., Adobe Creative Cloud products).[6]

7. Dr. Lidzy identifies the following areas for her appeal: her termination is substantially inconsistent with the university's decision-making framework approved by the Kansas Board of Regents; her termination may have been the result of unlawful bias or discrimination; her termination is unreasonable, arbitrary, and capricious.

8. Dr. Lidzy also indicates that flawed statistics have been used. She submitted an ESU Headcount by First Major wherein the number of students in the Communication Department rose from 58 in 2021 to 63 in 2022. Nevertheless, the number of first majors in Communications in 2017 was 95. There is a downward trend in enrollment in the Communication and Theatre Department.

9. In addition, Dr. Lidzy believes she could easily move into the newly formed Leadership Communication or Communication, Emerging Technology & Society concentration. Her concentration within the Communication and Theatre Department is Relational Communication but she has the ability to adapt.

## Conclusions of Law

1. In light of the extreme financial pressures placed on the state universities due to the COVID-19 pandemic, decreased program and university enrollment, and state fiscal issues, effective immediately through December 31, 2022 and notwithstanding any other Board or institutional policy, any state university employee, including a tenured faculty member, may be suspended, dismissed, or terminated from employment by their respective university. Declaration of financial exigency and the processes associated with declaration of financial exigency shall not be a prerequisite to any suspension, dismissal, or termination authorized by this provision.[7]

2. While ESU is not facing financial exigency, extreme financial pressures do require a prudent review and restructuring, which will require modification, reorganization, suspension or elimination of certain operations, programs, and curriculum.[8]

3. Decision-making within the Framework may be based on factors such as, but not limited to, performance evaluations, teaching and research productivity, low service productivity, low enrollment, cost of operations, market considerations as to the need for a program or department, restructuring of a program, department or school, or reduction in revenues for specific departments or schools.[9]

---

[6] Department of Communication & Theatre, Non-Tenure Track Instructor, Search 1130 - Posted December 19, 2022.
[7] *Id.*, page 1, Exhibit T.
[8] *Id.*
[9] *Id.*, The Framework, page 1.

3

4.   The notice of suspension, dismissal, or termination to the affected employee shall include a statement that this action is being taken pursuant to the Framework, the reasons for the action being taken, the effective date of the action, and any consideration to be provided by the University to the affected employee.[10]

5.   The only grounds for reversing the state university chief executive officer's decision to suspend, dismiss, or terminate the employee (a) is substantially inconsistent with the university's decision-making framework approved by the Board, (b) was the result of unlawful bias or discrimination; or (c) was otherwise unreasonable, arbitrary or capricious.[11]

6.   The burden of proof in any appeal shall be on the employee. There shall be no right of discovery. The review shall be based on the written submissions, and the hearing shall allow oral presentation to the administrative hearing officer by the employee and the university, each of whom may be represented by counsel.[12]

7.   ESU argues a rebuttable presumption of validity attaches to its action and it is up to Dr. Lidzy to show the decision to terminate her is not consistent with ESU's Framework.[13]

## Analysis

1.   The action taken to terminate Dr. Lidzy was conveyed in ESU's September 15, 2022 Termination Letter. The letter contains the language, "this action is based on factors such as, but not limited to: Current or future market considerations as to the need for a program or department and Realignment of resources." These reasons are specific and address the reasons ESU has taken in this action. The record clearly shows that the Communication and Theatre Department is suspending a concentration in Relational Communications and refocusing on Communication, Emerging Technologies, & Society.

2.   Dr. Lidzy argues that Relational Communications are relevant and valuable in every field. She testified that she is a "tech" person and has previously taught a class in Communications in Emerging Technology. She further testified that she has the ability to adapt and could teach the courses ESU is anticipating it will offer. She argues that bias was employed in the selection that she would be terminated and not someone else. She also asserts that the action by ESU is unreasonable, arbitrary, and capricious.

---

[10] *Id.*, page 2.
[11] *Id.* Page 2, number 3, and *Kansas Board of Regents Policy Manual*, Chapter II, §C, ¶6(b)(ii)(3).
[12] *Kansas Board of Regents Policy Manual* at ¶6(b)(ii)(6).
[13] *Id.*

4

3.  As to Dr. Lidzy's argument that bias played a part in the decision that she would be terminated the nature of the process afforded through the KBOR Policy[14] and ESU's Framework[15] is not adequate to provide the evidence necessary to establish or disprove her allegation. Whether the allegation of bias is factual cannot be determined here.

4.  The areas of concentration ESU is looking for in an individual to teach Communication, Emerging Technologies, & Society include social media strategy and analytics, influencing, digital video, user experience, artificial intelligence, algorithms, virtual reality, or gaming/interactive media, with a preference for the individual to have knowledge of software applications (e.g., Adobe Creative Cloud products). Dr. Lidzy did not overcome the presumption that the action taken by ESU is not consistent with the Framework as related to the abilities of the individual who teaches the new concentration should possess. To say that she is a tech person and has taught a course in Emerging Technologies does not show that she has abilities in social media strategy and analytics, influencing, digital video, user experience, artificial intelligence, algorithms, virtual reality, or gaming/interactive media, with knowledge of software applications (e.g., Adobe Creative Cloud products). Furthermore, to say that she can adapt to the new concentration does not show that she has the expertise in the areas ESU is requiring in the Communication, Emerging Technologies & Society concentration.

4.  Further, ESU has provided specific reasons regarding the decision to terminate Dr. Lidzy. The reasons are that Dr. Lidzy's focus in in Relational Communications and ESU is adjusting for future market considerations and realigning resources. It is suspending its Communication & Theatre concentration in Relational Communication and focusing on Communication, Emerging Technologies & Society. This is a concentration that has specific requirements that Dr. Lidzy does not meet. The action taken by ESU has reason and logic in it. It has not been shown that ESU's action in terminating Dr. Lidzy is unreasonable, arbitrary, or capricious.

## Conclusion

In light of the KBOR's Policy Manual and the ESU Framework, and for the reasons outlined above, ESU's action to terminate Professor Lidzy is affirmed.

## Right to Seek Relief from the Decision

The above proceeding was conducted pursuant to the Emporia State University Framework for Workforce Management (Framework), which was approved by the Kansas Board of Regents on September 14, 2022. Pursuant to the Framework, the above proceeding was not conducted pursuant to the Kansas Administrative Procedures Act.[16]

---

[14] *Kansas Board of Regents Policy Manual at* ¶6(b)(ii)(6).
[15] *Emporia State University Framework for Workforce Management,* page 2.
[16] K.S.A. 77-501 *et seq.*

This order is effective on the date reflected on the certificate of service.

According to the Framework this order is not subject to further administrative review by any officer or committee of Emporia State University or the Kansas Board of Regents. This order therefore constitutes final agency action which may grant further appeal rights pursuant to the Kansas Judicial Review Act (KJRA).[17] The KJRA applies to "all agencies and all proceedings for judicial review and civil enforcement of agency actions not specifically exempted by statute from the provisions of this act."[18] According to the KJRA:

> A person who qualifies under this act regarding (1) standing (K.S.A. 77-611), (2) exhaustion of administrative remedies (K.S.A. 77-612) and (3) time for filing the petition for judicial review (K.S.A. 77-613) and other applicable provisions of law regarding bond, compliance and other preconditions is entitled to judicial review of final agency action, whether or not the person has sought judicial review of any related nonfinal agency action.[19]

Judicial review is governed by the KJRA.[20] A party seeking judicial review may do so by filing a petition in a district court in the county in which the order or agency action was entered or is effective.[21] A petition for judicial review must be filed with the district court within 30 days from the date this order was served.[22] If a petition for judicial review is filed, a copy must be served on the opposing party as required by law.

_____
Sandra L. Sharon
Administrative Law Judge/Presiding Officer
Office of Administrative Hearings
1020 S. Kansas Ave.
Topeka, KS  66612
Telephone: 785-296-2433

---

[17] K.S.A. 77-601 *et seq.*
[18] K.S.A. 77-603.
[19] K.S.A. 77-607(a).
[20] K.S.A. 77-606(d).
[21] K.S.A. 77-609(b).
[22] K.S.A. 77-613.

CERTIFICATE OF SERVICE

On \_\_\_\_May 10\_\_\_\_, 2023, I certify that I mailed a copy of this document in the United States Post Office, first class, postage prepaid to:

> Kevin Johnson, General Counsel
> Emporia State University
> 1 Kellogg Circle
> PO Box 4001
> Emporia, KS 66801
>
> John Yeary
> General Counsel
> Kansas Board of Regents
> Curtis State Office Building
> 1000 SW Jackson, Suite 520
> Topeka, KS 66612

and I further certify that I caused a copy of the foregoing to be served electronically through OAH's e-filing system to:

> Sheryl Lidzy
> 1118 West Street
> Emporia, KS 66801
>
> Steven Lovett
> Associate General Counsel for Academic Affairs
> 1 Kellogg Circle
> PO Box 4001
> Emporia, KS 66801

_____
Staff Person
Office of Administrative Hearings

7