IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMANDA MIRACLE, *et al.*,   )
                            )
       **Plaintiffs,**   )
                            )
v.                          )   Case No. 23-4056-JAR-GEB
                            )
KEN HUSH, *et al.*,         )
                            )
       **Defendants.**   )
                            )

## MOTION TO RECONSIDER

Defendants submit this Motion to Reconsider the Court's Memorandum and Order regarding their Motion to Dismiss (Doc. 54) in accordance with D. Kan. Rule 7.3(3). Defendants address two clear errors in the Court's Memorandum and Order as follows.

First, the Defendants ask the Court to reconsider the application of its quote from *Teigen v. Renfrow*. The Court said the following: "While Defendants are correct that property rights are generally defined by state law, federal law 'determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause.'" (Doc. 54 at 28 (quoting *Teigen v. Renfrow*, 511 F.3d 1072, 1079 (10th Cir. 2007)). The case the *Teigen* case itself quotes, *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 757 (2005), makes the quoted statement in the context of acknowledging that not all state-law rights give rise to federal protection under the due process clause. *See id.* at 766-768 (holding that even if a particular entitlement existed under state-law, it would not rise to the level of a "'property' interest for purposes of the Due Process Clause"). Neither *Teigen* nor *Town of Castle Rock* hold that the due process clause protects rights not even recognized under state law. In the *Teigen* case, the court noted that "There is no dispute Plaintiffs had a protected property interest in continued employment under state law." But here, whether Plaintiffs continued to have a protected property interest in continued employment *is* in

1

dispute as one of the central legal issues in the case. (Doc. 45 at 12-15; Doc. 52 at 3-6; *see also* Doc. 54 at 28 ("Defendants argue that Plaintiffs did not have a property right in continued employment under Kansas law under the amendments to the KBOR WMP and ESU's Framework, and that *Tonkavich* does not apply given the amended policy.").)

The Court did not address or discuss the precedent cited by Defendants (such as the *Scribner*, *Bi-Metallic*, *Knight*, and *Hartford* cases) holding that a state can constitutionally modify or remove rights affecting a group through general lawmaking or policymaking processes. (*See* Doc. 45 at 12, 14; Doc. 52 at 4-5.) The *Bi-Metallic* and *Knight* cases are Supreme Court cases so holding. *Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445-46 (1915) ("General statutes within the state power are passed that affect the person *or property of individuals*, sometimes to the point of ruin, without giving them a chance to be heard." (emphasis added)); *Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 283-85 (1984)) ("Policymaking organs in our system of government have never operated under a constitutional constraint requiring them to afford every interested member of the public an opportunity to present testimony before any policy is adopted. . . . Executive agencies likewise make policy decisions of widespread application without permitting unrestricted public testimony."); *see also Scribner v. Bd. of Educ.*, 308 Kan. 254, 258, 264, 267-70 (2018) ("Other courts have consistently applied this rule to the reduction or elimination of protections for public employees. . . . We find these authorities persuasive and conclude that constitutional due process does not require the Legislature to conduct a hearing before repealing legislation that granted a right to procedural due process. . . . The legislation here impacted a broad class of people, not a targeted group of limited and identifiable individuals. The changes were comparable to a change in status from classified to declassified status, and as discussed, courts have often upheld those legislative

2

changes when attacked on due process grounds."); *Hartford Fire Ins. Co. v. State*, 9 Kan. 210, 223 (1872) ("The legislature may at any time alter or repeal the law under which the license is obtained; they may expressly revoke all licenses; they may impose any new terms or conditions, and require new or additional statements, at their pleasure.")

The Court has cited no authority for saying that the due process clause can protect property rights not recognized under state law. Defendants did not previously address the *Teigen* or *Town of Castle Rock* cases because Plaintiffs did not cite them, so Defendants did not previously have notice that the Court might cite and interpret the *Teigen* case as it did in its order. The Court has not addressed directly on-point precedent cited by Defendants and has instead relied on a misinterpretation of a phrase from a case not cited or addressed by the parties. The result is that the Court has effectively declared that it does not matter whether a state-law property interest existed at the time of the termination of employment because federal law determines the duration of a state-law property interest. And the Court has cited no authority so holding.

Defendants request that the Court address whether the WMP and ESU Framework modified or removed Plaintiffs' tenure rights under state law (as Defendants have argued), and that the Court conduct a due process analysis in light of controlling state law (as property law is state law), in light of the precedent that Defendants have cited. If the Court believes that the Supreme Court precedent cited by Defendants does not apply because of the Tenth Circuit case it has cited, Defendants request that the Court explain its reasoning more clearly. Defendants also request that the Court reconsider its *Pullman* abstention analysis in light of this controlling issue of state law.

Second, the Court incorrectly states that the Second Amended Complaint alleges the seven reinstated Plaintiffs are on administrative leave "without pay and benefits." (Doc. 54 at 22.) The Second Amended Complaint actually alleges that these Plaintiffs are "on leave *with* pay and benefits." (Doc. 41 at ¶ 95 (emphasis added).) This means these seven Plaintiffs cannot assert a claim for loss of employment opportunities because they are still actively employed (including pay and benefits). *See Paul v. Davis*, 424 U.S. 693, 710 (1976) (holding that a due-process hearing is not required "each time the State in its capacity as employer might be considered responsible for a statement defaming an employee who continues to be an employee"). Defendants therefore request that the Court reconsider its liberty-interest analysis with regard to these seven Plaintiffs.

For the foregoing reasons, Defendants request that the Court reconsider its Order regarding their Motion to Dismiss in light of the clear errors identified above.

Respectfully Submitted,

KRIS W. KOBACH
ATTORNEY GENERAL OF KANSAS

/s/ Matthew L. Shoger
Matthew L. Shoger, KS S Ct. #28151
Assistant Attorney General
Office of the Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December, 2024, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

J. Phillip Gragson
Amanda S. Vogelsberg
John H. Hutton
Kara L. Eisenhut
Henson, Hutton, Mudrick, Gragson & Vogelsberg, LLP
3649 SW Burlingame Rd., Ste. 200
Topeka, KS  66611-2155
*Attorneys for Plaintiffs*

/s/ Matthew L. Shoger
Matthew L. Shoger