### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **AMANDA MIRACLE,** *et al.*, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 23-4056-JAR-GEB |
| ) | |
| **KEN HUSH,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants move for an order staying all discovery and any other related Rule 26 proceedings in this case until the Tenth Circuit rules on their interlocutory appeal from the Court's orders regarding their Motion to Dismiss and Motion to Reconsider. (*See* Doc. 60.) The undersigned counsel has consulted with counsel for the Plaintiffs, and counsel for the Plaintiffs oppose this Motion. (Plaintiffs also opposed Defendants' previous Motion to Stay Discovery. (Doc. 11.)) In support, Defendants incorporate by reference the reasoning from their earlier Motion to Stay Discovery (Doc. 9) regarding stays of discovery when a dispositive motion raises a qualified-immunity defense, and Defendants add additional arguments in support below.

### NATURE OF THE MATTER BEFORE THE COURT

In this action, Plaintiffs, former professors and professors on paid administrative leave at Emporia State University, allege that Defendants wrongfully terminated or attempted to wrongfully terminate their employment in violation of the United States Constitution. (Doc. 41 at 2, 33-54.) They allege that Defendants have conspired to deny the Plaintiffs procedural and substantive due process, a liberty interest in their reputations, and equal protection and that Defendants have conspired to act in retaliation for Plaintiffs' exercise of their First Amendment freedom of association. (Doc. 41 at 33-54.) Defendants filed a Motion to Dismiss, seeking

dismissal of Plaintiffs' claims for failure to state a claim in light of qualified immunity. (Doc. 45.) The Court dismissed Counts V, VII, and IX with regard to all defendants, and dismissed Count IV with regard to the KBOR Defendants and Defendant Thomas, but the Court otherwise denied Defendants' motion. (Doc. 54 at 36.) Defendants filed a Motion to Reconsider. (Doc. 55.) The Court in response made clarifications as well as a correction to a finding of fact, but "the Court decline[d] to alter or amend its previous rulings." (Doc. 58 at 2.) The Defendants then filed a Notice of Interlocutory Appeal based on qualified immunity. (Doc. 60.) That interlocutory appeal is currently pending before the Tenth Circuit.

## ARGUMENTS AND AUTHORITIES

The filing of a notice of interlocutory appeal under the collateral order doctrine "is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990). Any subsequent action by the district court with regard to the matters appealed "is null and void." *Garcia v. Burlington N.R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987).

As this Court has recognized, "courts across the nation often issue a blanket stay of all discovery pending an interlocutory appeal in qualified immunity cases." *Joritz v. Univ. of Kan.*, No. 17-4002-SAC, 2019 WL 13140825, at *2 (D. Kan. July 3, 2019) (approvingly citing *Davis v. Matagorda Cnty.*, 2019 WL 1924532, at *2 (S.D. Tex. Apr. 30, 2019)) (and collecting cases). The Tenth Circuit has explained that for an interlocutory appeal based on qualified immunity,

> the central issue in the appeal is the defendant's asserted right not to have to proceed to trial. The interruption of the trial proceedings is the central reason and justification for authorizing such an interlocutory appeal in the first place. "[W]hen an interlocutory appeal is taken, the district court [only] retains jurisdiction to proceed with matters not involved in that appeal." *Garcia*, 818 F.2d at 721. Therefore, in such cases the divestiture of jurisdiction brought about by

2

> the defendant's filing of a notice of appeal is virtually complete, leaving the district court with jurisdiction only over peripheral matters unrelated to the disputed right not to have [to] defend the prosecution or action at trial.

*Stewart*, 915 F.2d at 575-76 (alteration of internal quote in original) (emphasis omitted). The Tenth Circuit then clarified the application of this rule to discovery by quoting *Harlow v. Fitzgerald* in the same context, saying, "Until this threshold immunity question is resolved, discovery should not be allowed." *Id.* at 576 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In others words, discovery is not a "peripheral matter" under *Stewart* and the district court is divested of jurisdiction to continue with discovery during an appeal based on qualified immunity.

Here, Defendants are appealing qualified immunity issues on all remaining counts of the Second Amended Complaint ("Complaint") with regard to all defendants other than Hush and on Counts I through III with regard to Defendant Hush. Due to this appeal, the Court has been divested under *Stewart* of jurisdiction to continue with discovery with regard to at least those claims. In a lengthy email to the Court, Plaintiffs have suggested (without citing any legal authority) that granting a stay of discovery during an interlocutory appeal is discretionary, but that is not the case when the appeal is based on qualified immunity, as the Court is divested of the jurisdiction necessary to continue with discovery.

Although Counts IV, VI, VIII, and X are not being appealed with regard to Defendant Hush, these counts overlap considerably with Counts I through III and the claims against other defendants and are based on many of the same underlying events (those surrounding the amendment of the tenure policy and the termination or attempted termination of Plaintiffs' employment). (*See* Doc. 41 at 33-54.) (As discussed in the Nature of the Matter Before the Court section, the other counts – Counts V, VII, and IX – have been dismissed.) In consequence,

3

bifurcating discovery and allowing discovery only with regard to Counts IV, VI, VIII, and X against Defendant Hush would not be practically workable. As a prudential matter, discovery should be stayed with regard to these counts as well.

In the *Joritz* case, the Court granted a stay of all discovery, including for claims against a university not involved in an appeal by other, individual defendants based on qualified immunity, finding that the claims were "interconnected." 2019 WL 13140825, at *2. The Court reviewed other court decisions that had found similarly and agreed with those decisions that "the problems posed by bifurcated discovery outweighed the delay inherent in staying discovery." *Id.* Similarly, as the Court noted when staying discovery in *Lowery v. County of Riley*:

> Because of the blurred line between discovery related to [the other remaining] claims and discovery related to the Defendants qualified immunity claims which are now on appeal, if the Court were to allow discovery to proceed, there is a very real possibility that there would be a duplication of discovery in the future, particularly if the decision on qualified immunity were affirmed. This would be both expensive and inefficient.

No. 04-3101-JTM, 2007 WL 4570964, at *2 (D. Kan. Dec. 27, 2007). Just as in *Joritz* and *Lowery*, the Court should stay discovery with regard to all of the interconnected claims in this case due to the blurred line between those claims being appealed based on qualified immunity and the other remaining claims.

In Plaintiffs' lengthy email to the Court, they have suggested that Defendants' interlocutory appeal is improper, is not taken under 28 U.S.C. § 1291, and does not satisfy the *Cohen* factors for taking an interlocutory appeal of a collateral order. But arguments regarding the propriety of the appeal are for the Tenth Circuit to decide and will be briefed and decided on appeal.

Although the district judge found that factual disputes remain with regard to qualified immunity for Counts I through III, Defendants are contesting that finding on appeal. In addition,

4

Defendants are arguing in the alternative on appeal that to the extent qualified immunity turns on issues of fact, the district court was required to more specifically identify the facts necessary for that determination and to narrow discovery to only those facts. Because the Court's finding regarding factual disputes and its application to discovery in this case are being appealed based on qualified immunity, the Court is divested of jurisdiction to consider those matters or to proceed based on those matters at this time.

## CONCLUSION

For these reasons and those stated in Defendants' earlier Motion to Stay Discovery (Doc. 9), Defendants request that the Court stay discovery in this case until their current appeal is resolved and the relevant matters are remanded back to the district court.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS S Ct. # 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
*matt.shoger@ag.ks.gov*
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

       I hereby certify that on this 11th day of March, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

J. Phillip Gragson  
Amanda S. Vogelsberg  
John H. Hutton  
Kara L. Eisenhut  
Henson, Hutton, Mudrick, Gragson  
& Vogelsberg, LLP  
3649 SW Burlingame Rd., Ste. 200  
Topeka, KS 66611-2155  
*Attorneys for Plaintiffs*

                                          */s/ Matthew L. Shoger*  
                                          Matthew L. Shoger