IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMANDA MIRACLE, *et al.*, | ) |
| | ) |
|        **Plaintiffs,** | ) |
| | ) |
| v. | )   Case No. 23-4056-JAR-GEB |
| | ) |
| KEN HUSH, *et al.*, | ) |
| | ) |
|        **Defendants.** | ) |
| | ) |

## DEFENDANTS' REPLY IN FURTHER SUPPORT OF
## THEIR MOTION TO STAY DISCOVERY

Defendants submit this Reply in further support of their Motion to Stay Discovery (Doc. 64). Plaintiffs have submitted a Response. (Doc. 66.) Defendants assert this Response fails to overcome their legal arguments. Accordingly, Defendants' Motion should be granted in its entirety. Defendants incorporate herein, as if set forth in full, the arguments and authorities in their Motion. (Doc. 64.) Defendants' Motion should be granted for the reasons previously stated.

Plaintiffs cite cases discussing discretionary stays of discovery (*Landis*, *Kan. City S. Ry. Co.*, *String Cheese*, *Renda*, *Clinton*, *KetoNatural*, and *Bustos*), but none of those cases involved qualified immunity or interlocutory appeals. *Clinton* also involved acts from before taking office.

Plaintiffs suggest "[a] stay of discovery is not automatic, even when a qualified immunity defense is raised." (Doc. 66 at 2.) But "the district court was automatically divested of jurisdiction." *Stewart*, 915 F.2d at 579. And as Defendants pointed out in their Motion, the *Stewart* court treated that divestiture of jurisdiction as including jurisdiction over discovery. (Doc. 64 at 3 (citing *Stewart*, 915 F.2d at 576 (quoting *Harlow*, 457 U.S. at 818)).)

Plaintiffs claim *Maxey* involved the district court weighing case-specific considerations (Doc. 66 at 2), but *Maxey* analyzed "categories of permissible appeals." 890 F.2d at 282. Federal

courts "decide appealability for categories of orders rather than individual orders" and "do not now in each individual case engage in ad hoc balancing to decide issues of appealability." *Johnson*, 515 U.S. at 315. Jurisdiction is divested based on the category of the appeal.

Plaintiffs cite *McGinn* as recognizing "plaintiffs have a vested interest in proceeding expeditiously when job loss and reputational harm are at stake." (Doc. 66 at 4.) But *McGinn* is not even an employment case, so it plainly did not involve job loss or reputational harm.

Plaintiffs cite Fed. R. Civ. P. 26(c) as if it requires a special, case-specific showing of burden. (Doc. 66 at 4.) But jurisdiction was divested based on the category of the appeal.

*Kutilek* addresses a *statutory* good-faith immunity not applicable here. And since *Harlow* in 1982, subjective elements like "good faith" have been irrelevant to the qualified immunity analysis, 457 U.S. at 815-19, at least in the absence of a statute that adds a subjective element.

Plaintiffs say "courts have routinely permitted discovery in similar cases where qualified immunity was raised, provided that discovery was appropriately narrowed." (Doc. 66 at 5.) But discovery was not appropriately narrowed to identified relevant facts here, which is an alternative argument being raised and to be decided on appeal. (*See* Exhibit 1 at 8.) This Court no longer has jurisdiction over and cannot now modify its order while its contents are on appeal.

Despite admitting discovery should be "appropriately narrowed" (Doc. 66 at 5), Plaintiffs inconsistently still insist discovery should be "allowed to proceed in full." (Doc. 66 at 15.)

When discussing discovery for claims not on appeal, Plaintiffs completely ignore *Joritz* and *Lowery* from the District of Kansas and cite only cases from outside this jurisdiction. And Plaintiffs completely fail to address Defendants' argument that the claims are so interconnected that the Court should stay discovery as a prudential matter with regard to other claims.

The reasoning from most of these various cases from outside this jurisdiction disagrees

with the reasoning of *Joritz* and *Lowery*, which are from this jurisdiction and are more persuasive. And additional reasons distinguish these cases as well.

In *R.F.J.*, a non-binding decision from outside this jurisdiction, the court *stayed discovery* against the defendants on the claims they appealed on the basis of qualified immunity. The court held discovery could continue on state-law claims not subject to qualified immunity despite some overlap with the federal claims on appeal. Here, no such state-law claims are present.

In *Stumpf* and *Harris*, non-binding decisions from outside this jurisdiction, *discovery was stayed* against defendants who were appealing on the basis of qualified immunity. The court held discovery could continue with respect to a defendant not entitled to invoke qualified immunity. Here, all Defendants have appealed and no non-appealing defendants are present.

In *KM*, a non-binding decision from outside this jurisdiction, the court *stayed discovery* against defendants who appealed on the basis of qualified immunity. The court did *not* permit other discovery but rather ordered the parties to present a joint preservation plan merely to identify witnesses and ensure that documents were preserved with regard to claims solely against the non-appealing defendants. *Written discovery and depositions were not permitted on any claims.* And, here, all Defendants have appealed and no non-appealing defendants are present.

*McGinn* also happens to mention qualified immunity, although that it is not what Plaintiffs cited it for. It is a non-binding decision from outside this jurisdiction that held that when one defendant, a county, was not entitled to invoke qualified immunity, other defendants would have to respond to discovery on claims against the county *as witnesses* regardless, so the court also declined to stay discovery regarding them as parties. Here, all Defendants have invoked qualified immunity, so *McGinn*'s reasoning does not apply, as no claims against non-appealing defendants are present for which Defendants could be responsive witnesses.

In *Davis*, 2019 WL 1924532, another non-binding case from outside this jurisdiction, the court *stayed discovery* against defendants who appealed on the basis of qualified immunity. The court did not fully stay discovery against a different defendant, a county, not entitled to invoke qualified immunity. But the court *only allowed written discovery* even on those claims and *only against the non-appealing defendant*. Here, no non-appealing defendants are present. The Court did not limit discovery to written discovery, and Plaintiffs have not requested such a limitation.

In *Estate of Melvin*, a non-binding decision from outside this jurisdiction, the "certain relevant factors" the court considered bear no similarity to Plaintiff's arguments. The court based its decision on the unique procedural posture of that case. Most discovery had already occurred, the appealing defendants had substantially participated, and the remaining discovery hardly involved them. So the burden of discovery to be avoided had already occurred. Only a negligible amount remained. Here, no discovery has yet occurred, so *Melvin*'s reasoning does not apply.

Plaintiffs complain that Defendants make "vague assertions of burden." (Doc. 66 at 5.) But Defendants cited precedent that qualified immunity categorically protects against the "burdens of discovery." (*See* Doc. 9 at 3 (citing *Stonecipher* and *Behrens*).)

Plaintiffs insist state legislative bills and testimony "weight [sic] heavily against a stay." (Doc. 66 at 7.) But under the principles of separation of powers and federalism, those matters are for the state legislature to consider, not this Court. They are irrelevant to decisions in this case.

Plaintiffs assert, "The Supreme Court has repeatedly held that due process is a fundamental right." (Doc. 66 at 8.) But the decisions cited say no such thing. *Tonkovich* (a *Tenth Circuit* case) even expressly stated, "Professor Tonkovich does not allege that a fundamental right is at stake." 159 F.3d at 532. And the *Roth* decision makes no mention of fundamental rights. Plaintiffs appear to be confused regarding how *substantive* due process protects *other*

rights deemed to be fundamental. *See, e.g., Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024).

Plaintiffs mention that the district court can regain jurisdiction over the case if it certifies an interlocutory appeal as frivolous. (Doc. 66 at 10.) Plaintiffs fail to mention this also requires a hearing and substantial reasoning on the record to support a finding of frivolousness. *Stewart*, 915 F.2d at 576. This procedure exists to keep defendants from gaming the system in a dilatory manner to simply get a free continuance whenever they want one. *Id.* Defendants are not making a baseless, dilatory appeal but are proceeding in good faith based on colorable arguments. Defendants are seeking to more quickly dispose of the majority of claims in the case, not to prolong the case. Plaintiffs obviously disagree with their straw-man caricature of Defendants' arguments, but that does not make Defendants' actual arguments frivolous.

Plaintiffs then suggest denials of motions to dismiss based on qualified immunity are not immediately appealable because no trial is yet in view. (Doc. 66 at 11.) Plaintiffs cite *Mitchell*. But *Mitchell* "make[s] clear" qualified immunity "is meant to give government officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *Behrens*, 516 U.S. at 308 (citing *Mitchell*). And "this right is important enough to support an immediate appeal." *Id. Mitchell* "unmistakably envisioned immediate appeal of the denial of a defendant's motion for dismissal . . . on the ground of qualified immunity." *Id.*

*Johnson* did not involve claims of immunity from discovery. It held, in the context of a summary-judgment motion *after* discovery, "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." 515 U.S. at 319-20. Here, the case has not reached a stage where this limit on immunity would apply.

Plaintiffs suggest their official-capacity claims for injunctive relief should prevent

5

discovery from being stayed. (Doc. 66 at 13.) But while a stay for those claims is not automatic, the reasoning of *Joritz* and *Lowery* for a prudential stay applies, as it cannot be seriously argued these claims are not interconnected with those on appeal. Further, if the Tenth Circuit finds for the Defendants on the first prong of qualified immunity, that would resolve these claims too. The *Cox*[1] court was only "constrained to dismiss" part of an appeal regarding official-capacity claims because the court, in its discretion, declined to exercise pendent jurisdiction. 800 F.3d at 1255-57. The Tenth Circuit has not declined pendent jurisdiction in this case. And Plaintiffs cite no procedure requiring Defendants to request it prior to filing their appellate brief.

Plaintiffs inaccurately state the scope of the appeal for additional reasons as well. (*See* Doc. 66 at 14.) Defendants' Docketing Statement states, "Plaintiffs have not made plausible allegations of any conduct clearly established by law to connect defendants other than Hush to any violation" (Exhibit 1 at 7), challenging many counts Plaintiffs claim are not in the appeal.

For these reasons and those in Defendants' Motion, Defendants request the Court stay discovery until the appeal is resolved and the relevant matters are remanded back to this Court.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS S Ct. # 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
matt.shoger@ag.ks.gov
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

---

[1] Although Plaintiffs' did not include a citation, the quote block on page 13 of Plaintiffs' Response is another quote from *Cox*, page 1255.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 1st day of April, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

J. Phillip Gragson
Amanda S. Vogelsberg
John H. Hutton
Kara L. Eisenhut
Henson, Hutton, Mudrick, Gragson
& Vogelsberg, LLP
3649 SW Burlingame Rd., Ste. 200
Topeka, KS 66611-2155
*Attorneys for Plaintiffs*

                                          */s/ Matthew L. Shoger*
                                          Matthew L. Shoger