UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **AMANDA MIRACLE**, *et al.*, | ) |
| | ) |
| **Plaintiffs**, | ) |
| | ) |
| v. | ) Case No. 23-4056-JAR-GEB |
| | ) |
| **KEN HUSH**, *et al.*, | ) |
| | ) |
| **Defendants**. | ) |
| | ) |

## **ORDER**

This matter comes before the Court on Defendants' Motion for Continuance of Scheduling Conference ("Motion") (ECF No. 73). Defendants seek to continue the conference pending the District Judge's ruling on Defendants' Motion to Stay Discovery (ECF No. 64). Late in the afternoon of the day prior to the Scheduling Conference, Defendants filed the current Motion. Due to the limited time prior to the Scheduling Conference, Plaintiffs who opposed the Motion were unable to file a written response. The Court did not cancel the Scheduling Conference and instead permitted the parties to argue the Motion at the time the Scheduling Conference was set. Plaintiffs appeared through counsel J. Phillip Gragson and Amanda Vogelsberg. Defendants appeared through counsel Matthew Shoger. After review of Defendants' Motion and hearing the argument of the parties, for the reasons set forth below, the Court **DENIES** Defendants' Motion (**ECF No. 73**).

1

I.  **Procedural Background**

Eleven Plaintiffs filed their initial Complaint in this matter on July 12, 2023. The claims are related to their termination from positions as tenured professors at Emporia State University ("ESU"). Plaintiffs were notified on or around September 15, 2022 their employment would terminate in May 2023. They allege a property right in tenure in connection with their employment at ESU and bring claims pursuant to 42 U.S.C. §§ 1983 and 1985 regarding alleged violations of their constitutional rights by Defendants.

Defendants filed their Answer to Plaintiffs' Complaint on September 29, 2023 and the undersigned filed an Initial Order Regarding Planning and Scheduling on October 11, 2023. Defendants then filed a Motion to Stay Discovery (ECF No. 9) based on their intent to file a Motion for Judgment on the Pleadings. The initial Motion to Stay was found as moot after Plaintiffs filed a First Amended Complaint (ECF No. 25) and the Motion for Judgment on the Pleadings was found as moot (ECF No 26).

On February 6, 2024 Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint which raised Eleventh Amendment immunity on behalf of Defendants ESU and the Kansas Board of Regents ("KBOR") and alleged qualified immunity barred all Plaintiffs' claims. Because no determination had been made on Defendants' claims of immunity, the undersigned deferred scheduling in this case until the District Judge decided the pending Motion to Dismiss (Order, ECF No. 35).

Plaintiffs filed an unopposed Motion for Leave to Amend which was granted and filed their Second Amended Complaint on April 10, 2024. The Second Amended Complaint did not name either ESU or KBOR as defendants. Two weeks later on April 24,

2024, a Motion to Dismiss the Second Amended Complaint was filed by Defendants which continued to allege qualified immunity barred certain of Plaintiffs' claims. The undersigned continued to defer scheduling (Order, ECF No. 46).

Judge Robinson granted in part and denied in part Defendants' Motion to Dismiss on December 5, 2024 (Memorandum and Order, ECF No. 54). Regarding Plaintiffs' property interest claims (Counts I-III) upon which Defendants invoked qualified immunity, Judge Robinson found Defendants were not entitled to qualified immunity. Counts V, VII, and IX of the Second Amended Complaint were dismissed. In addition to Counts I-III, Counts VI, VII and X continue against all Defendants and Count IV continues only against three Defendants; Ken Hush, Kevin Johnson, and Steven Lovett.

On December 12, 2024, Defendants filed a Motion to Reconsider arguing Judge Robinson misapplied Tenth Circuit precedent in considering Plaintiffs' property interest claims and raised another issue not relevant to the discussion here. Judge Robinson found none of the authority advanced by Defendants changed her ruling regarding qualified immunity on Counts I-III. She found no clear error in the decision to deny Defendants' Motion to Dismiss based on qualified immunity (Memorandum and Order, ECF No. 58).

Following the entry of the Memorandum and Order on the Motion for Reconsideration, the Court entered its Second Initial Order Regarding Planning and Scheduling on February 25, 2025 (ECF No. 59) and set this case for a Scheduling Conference on April 18, 2025. Shortly thereafter, Defendants filed their Notice of Interlocutory Appeal (ECF No. 60). On March 11, 2025 Defendants filed another Motion

3

to Stay Discovery, which due to the reiteration of argument regarding the District Judge's rulings on qualified immunity, will be decided by District Judge Robinson.

## II.  Discussion

Defendants seek to continue the Scheduling Conference in this case until the District Judge decides a pending Motion to Stay Discovery. Defendants reiterate their argument in their Motion to Stay Discovery, i.e., the pending appeal deprives this Court of jurisdiction as to any discovery orders regarding the claims on appeal and the claims that remain are based on the same underlying facts as the claims on appeal.[1] They argue the claims regarding qualified immunity should be resolved prior to moving forward with any discovery in this matter. Plaintiffs seek to move the case forward where some, but not all of Plaintiffs claims, are the subject of the interlocutory appeal.

Defendants' Motion to Stay Discovery is to be decided by the District Judge and the Court does not intend to step into the District Judge's lane on that decision. However, the Court is inclined to agree with Plaintiffs regarding any continuance of the conference. The District Judge has twice, in her Memorandum and Order granting in part and denying in part Defendants' Motion to Dismiss (ECF No. 54) and in her Memorandum and Order granting in part and denying in part Defendants' Motion to Reconsider (ECF No. 58) found Defendants are not entitled to qualified immunity on Plaintiffs' claims in Counts I-III. The Court understands those claims are on appeal. However, in addition to Counts I-III the

---

[1] Motion, ECF No. 73 at 1.

claims in Counts VI, VII and X continue against all Defendants and Count IV continues against Defendants Ken Hush, Kevin Johnson, and Steven Lovett.

The parties have exchanged Rule 26 disclosures. They have agreed upon a deadline to exchange documents identified in those disclosures. Due to the age of this case, the Court would like the parties to proceed with the exchange of the documents in their Rule 26 disclosures and to undertake written discovery. The Court set the deadlines in such a way as to permit sufficient time to meet later deadlines if Defendants' Motion to Stay is granted; understands any discovery would cease, as necessary, in compliance with the District Judge's ruling on the Motion to Stay; and would work with the parties to extend deadlines, if required.

For the reasons set forth above, **IT IS THEREFORE ORDERED** Defendants' Motion for Continuance of Scheduling Conference (ECF No. 73) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 23, 2025.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge