UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMANDA MIRACLE, et al.,            )
                                   )
              Plaintiffs,          )
                                   )
v.                                 )   Case No. 23-4056-JAR-GEB
                                   )
KEN HUSH, et al.,                  )
                                   )
              Defendants.          )

### SCHEDULING ORDER

On **April 18, 2025**, U.S. Magistrate Judge, Gwynne E. Birzer conducted a scheduling conference in accordance with Fed. R. Civ. P. 16. Plaintiffs Christopher Lovett, Amanda Miracle, Michael Behrens, Rob Catlett, Dan Colson, Charles Emmer, Brenda Koerner, Sheryl Lidzy, Max McCoy, Michael Morales, and Lynnette Sievert appeared through counsel J. Phillip Gragson and Amanda Vogelsberg, by phone. Defendants Ken Hush, Brent Thomas, Kevin Johnson, Steven Lovett, Julene Miller, Bill Feuerborn, Cheryl Harrison-Lee, Shane Bangerter, Ann Brandau, Mark Hutton, Shellaine Kiblinger, Jon Rolph, Allen Schmidt, Helen Van Etten, Carl Ice, Cynthia Lane, Blake Benson, Diana Mendoza, Wint Winter, and John Dicus appeared through counsel Matthew L. Shoger, who appeared by phone.

Following is a brief summary of the nature of the case:

This is a tenured professor employment law case under 42 U.S.C. 1983 *et seq.* with eleven plaintiffs and twenty individual defendants.

Plaintiffs:

This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Plaintiffs claim that as tenured professors of ESU they have a property right in tenure under clearly established law, they have a liberty interest in their reputation and that they were deprived of their respective property rights and their reputation damaged by the actions and words of Defendants in terminating Plaintiffs. Plaintiffs were not

provided a pretermination hearing or a due process compliant hearing post-termination. Defendants and others to be determined conspired to terminate Plaintiffs in violation of their constitutional rights under the 5th through 14th Amendment to the U.S. Constitution and the Equal Protection clause under the 14th Amended to the U.S. Constitution. Defendants were aware of the clearly established law and knowingly or should clearly have known they were violating Plaintiffs' Constitutional rights. Plaintiffs have suffered and continue to suffer their property loss, harm to reputation, non-economic damages, humiliation and other emotional damages and are entitled to recover all damages and attorneys' fees under 42 U.S.C. § 1983, § 1985 and § 1988.

Defendants:

Defendants contest subject-matter jurisdiction due to lack of constitutional standing for all defendants other than Hush. Defendants assert that the State of Kansas lawfully amended tenure policy and lawfully terminated or attempted to terminate the employment of the plaintiffs. Defendants assert that only Defendant Hush terminated or attempted to terminated the employment of the plaintiffs. Defendants deny Plaintiffs' allegations of conspiracy. Defendants also assert that the following defenses apply: qualified immunity, legislative immunity, issue preclusion, Pullman abstention, and failure to mitigate damages.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

1. **Alternative Dispute Resolution (ADR).**

The parties commenced meditation by Order of the 10TH Circuit Court of Appeals on March 20, 2025 but is not concluded. After discussing ADR during the scheduling conference, the court determined that settlement potentially would be enhanced by early mediation in this Court. Toward that end, by **October 17, 2025**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_birzer_chambers@ksd.uscourts.gov.* These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set

forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with a magistrate judge. If the parties cannot agree on a mediator and any party wants the court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. Absent further order of the court, mediation is ordered no later than **November 7, 2025**. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the court's website: *http://www.ksd.uscourts.gov/adr-report/.*

**2.    Discovery.**

   **a.**    The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **May 19, 2025**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule

26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

    **b.**    All discovery must be commenced or served in time to be completed by **March 6, 2026**.

    **c.**    The parties agree that principles of comparative fault do not apply.

    **d.**    Expert disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **October 3, 2025**, and by defendant by **January 9, 2026**; disclosures and reports by any rebuttal expert(s) must be served by **February 6, 2026**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

    **e.**    The parties agree that physical or mental examinations pursuant to Fed. R. Civ. P. 35 are appropriate in this case regarding Plaintiffs. The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **August 1, 2025**. If the parties disagree about the need for or scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline to allow the motion to be fully briefed and decided by the court, and the examination conducted, all before the deadline expires.

  **f.**  The court considered the following discovery problem(s) raised by one or more of the parties:

> Interrogatories shall be limited to 35 per side without further leave of Court. The parties are to be thoughtful about the inclusion of subparts and shall not circumvent the Court's Order by the inclusion of excessive, improper subparts. Should the parties need additional interrogatories, they shall first confer and then contact the Court for a discovery conference to address the issue.
>
> The number of requests for production is not limited in the Federal Rules of Civil Procedure and the Court will not limit the number permitted at this time. However, the Court will not hesitate to limit the number of requests permitted if a party's use of requests for production becomes abusive.
>
> Depositions shall be limited to 30 per side without further leave of Court.

  **g.**  Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> The parties believe this may be a significant ESI case. Plaintiffs and defendants have litigation hold procedures in effect in this case. Plaintiffs and defendants agree to maintain in existence all materials covered by applicable litigation holds. Plaintiffs and defendants agree to provide hard copies or pdf copies of all produced emails, texts, voice messages, Facebook, and other social media data as requested through formal discovery. Beyond the foregoing, the parties agree to confer and make good faith attempts to resolve any issues regarding ESI, including producing and allowing inspection of ESI in its native form.

  **h.**  Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> If the parties inadvertently produce privileged or trial preparation materials, the parties will notify opposing counsel of such disclosure. After counsel or the party is notified, counsel shall return all information and copies and may not use or disclose this information until the claim of privilege or protection is resolved. The parties also agree to a "claw back" agreement whereby if materials are disclosed without intent to waive privilege or trial

> preparation protection such privilege or protection is not waived and such materials are to be returned to the responding party so long as the responding party identifies the materials mistakenly produced. The parties requested these provisions to be included in the scheduling order; the parties also intend to include the substance of these provisions in a protective order to be submitted to the court.

**i.** To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by the parties and counsel:

> Plaintiffs' counsel and counsel for Defendants agree to meet, confer and make a good faith attempt to resolve any discovery dispute prior to Court intervention, to reciprocate as appropriate with regard to motions for extensions of time and other scheduling issues.

**j.** No side may serve more than 35 interrogatories. See paragraph 2(f), *supra*, for additional details.

**k.** No more than 30 depositions may be taken by all plaintiffs, and no more than 30 depositions may be taken by all defendants without leave of Court. Each deposition must be limited to 4 hours except for the depositions of parties and organizational designees pursuant to 30(b)(e) which must be limited to 8 hours. All depositions will be governed by the written guidelines on the court's website: *https://ksd.uscourts.gov/file/843*

**l.** Discovery may be governed by a protective order. The parties submitted a jointly proposed protective order which was entered at ECF No. 72.

**m.** The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

**n.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses,

and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.   Motions**

    **a.**   Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **June 13, 2025**.

    **b.**   The court will set the deadline for all potentially dispositive motions (e.g., motions for summary judgment), at a later date. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

    **c.**   Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the court's website: *https://ksd.uscourts.gov/file/326*.

    **d.**   The deadline for all motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), will be set when a deadline for dispositive motions is set.

    **e.**   Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint

submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone. The court will typically grant the request and contact the parties to arrange the conference within a few days. The court will inform the parties whether any additional information should be submitted or filed in advance of this conference. Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference. *See* D. Kan. Rule 37.1(a).

**For purposes of complying with the "meet and confer" requirements, the Court construes the term "confer" to require more than mere email communication. The parties, in person and/or through counsel, shall have verbal communications with each other; that is, they must first actually talk with each other about their discovery disputes, and then contact the Court for a discovery conference, before filing a motion to compel or similarly related discovery motion.**

**f.** To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**g.** Page limitations for principal briefs, responses and replies must comply with D. Kan. Rule 7.1.

**4.     Pretrial Conference, Trial, and Other Matters.**

**a.** Pursuant to Fed. R. Civ. P. 16(a), a status conference is scheduled for **September 11, 2025 at 11:00 a.m. via Zoom.**

b.       Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **April 3, 2026 at 10:00 a.m. via Zoom**. Attorneys wishing to appear by phone may request permission to do so by sending an e-mail to chambers 7 days before the conference; however, the judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person. No later than **March 18, 2026**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_birzer_chambers@ksd.uscourts.gov*. The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

c.       Plaintiffs expect the jury trial of this case to take approximately 20 trial days, while Defendants believe it will take no more than 15 days. The court will subsequently set this case for trial.

d.       If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*https://ksd.uscourts.gov/civil-forms*

e.       This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated April 23, 2025, at Wichita, Kansas.

                                                   s/ Gwynne E. Birzer
                                                   GWYNNE E. BIRZER
                                                   U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **Entered at ECF No. 72** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **October 17, 2025** |
| Motions to amend | **June 13, 2025** |
| Mediation completed | **November 7, 2025** |
| ADR report filed by Defendant | **14 days after mediation** |
| Plaintiffs disclose experts | **October 3, 2025** |
| Defendants disclose experts | **January 9, 2026** |
| Physical and mental examinations | **August 1, 2025** |
| Rebuttal experts disclosed | **February 6, 2026** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **March 6, 2026** |
| Proposed pretrial order due | **March 18, 2026** |
| Pretrial conference | **April 3, 2026 at 10:00 a.m. via Zoom** |
| Potentially dispositive motions (e.g., summary judgment) | **To be set at a later date** |
| Motions challenging admissibility of expert testimony | **To be set at a later date** |
| Trial — ETT [15-20] days; Topeka | **To be set at a later date** |