### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **AMANDA MIRACLE**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-4056-JAR-GEB** |
| | ) | |
| **KEN HUSH**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### DEFENDANTS' MOTION FOR HEARING ON MOTION TO STAY DISCOVERY

To assist in the timely resolution of the matter, Defendants respectfully request a hearing on their pending Motion to Stay Discovery (Doc. 64) in order to resolve the Motion prior to Defendants moving for a stay with the Tenth Circuit. The undersigned counsel has consulted with counsel for the Plaintiffs, and counsel for the Plaintiffs oppose this Motion.

On the same day that Defendants filed their Notice of Interlocutory Appeal based on qualified immunity (Doc. 60), Judge Birzer issued the Court's Second Initial Order Regarding Planning and Scheduling (Doc. 59). In response to that discovery-related Order and because of the interlocutory appeal and its related immunity arguments, the Defendants filed a Motion to Stay Discovery on March 11, 2025. (Doc. 64.) The Motion to Stay Discovery challenges the Court's jurisdiction to issue any discovery orders regarding the claims on appeal. (Doc. 64 at 2-5; Doc. 69 at 1-6.) It also argues that the few claims not on appeal are based on the same underlying facts as the claims on appeal, are against one of the appealing Defendants, and should be stayed as a prudential matter in accordance with relevant case law. (Doc. 64 at 3-4; Doc. 69 at 2-6.) On March 18, 2025, that motion was referred to the district judge. (*See* Docket.) The motion has been fully briefed since April 1, 2025 (*see* Doc. 69), and it remains pending. (*See* Docket.)

On April 18, 2025, however, Judge Birzer conducted a scheduling conference. (Doc. 74.) Prior to and during the scheduling conference, Defendants renewed their objections to discovery, including that the Court lacks jurisdiction to issue discovery orders regarding the claims on appeal. (Doc. 73 at 1; Doc. 75 at 1, 4.) Judge Birzer has started to issue discovery orders (*see* Doc. 76), which Defendants hold to be issued without jurisdiction and to be null and void with regard to the claims on appeal. *See Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990) (quoting *Garcia v. Burlington N.R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987)) ("Filing a timely notice of appeal pursuant to Fed. R. App. P. 3 transfers the matter from the district court to the court of appeals. The district court is thus divested of jurisdiction. Any subsequent action by it is *null and void*." (emphasis added)); *see also Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742 & n.4 (2023) (approvingly citing *Stewart* for the proposition that "district courts . . . must automatically stay their proceedings while the interlocutory appeal is ongoing" when the interlocutory appeal is based on qualified immunity).

On April 23, 2025, Judge Birzer issued a scheduling order. (Doc. 76.) This effectively denies Defendants' Motion to Stay Discovery by purporting to use the Court's authority to authorize discovery. The Court, without jurisdiction – and without addressing the propriety of allowing discovery on the few claims not on appeal, which overlap with those on appeal – has ordered for unrestricted discovery to be allowed. Then, on the same day as the scheduling order, Plaintiffs immediately served broad written discovery requests and requested depositions, unrestricted in scope, including depositions of persons who would no longer be parties if the appeal is successful, to be scheduled in late May or early June, approximately a month away. (Doc. 77; Exhibit 1.) At least two of those individuals are or were high-ranking government officials, a current officer and a former member of the Kansas Board of Regents, that Defendants

believe would not be relevant witnesses on the remaining claims if the appeal is successful. *See Bruce v. Kelly*, No. 20-4077-DDC, 2024 WL 230746, at \*1 (D. Kan. Jan. 22, 2024) (quoting *In re Off. of the Utah Att'y Gen.*, 56 F.4th 1254, 1259 (10th Cir. 2022)) (alteration in original) ("[H]igh-ranking executive officials should not, absent extraordinary circumstances, be called to testify or be deposed concerning issues relating to their official duties.").

Defendants maintain their objections to such discovery. Most importantly, Defendants hold the scheduling order to be null and void with regard to the claims on appeal. Therefore, the scheduling order is legally unable to empower Plaintiffs to issue their broad discovery requests.

Accordingly, Defendants request a hearing to timely resolve Defendants' Motion to Stay Discovery prior to Defendants moving for a stay with the Tenth Circuit.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
KRIS W. KOBACH

*/s/ Matthew L. Shoger*
Matthew L. Shoger, KS S Ct. # 28151
Assistant Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas 66612-1597
*matt.shoger@ag.ks.gov*
(785) 296-2215
Fax: (785) 291-3767
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2025, the foregoing document was filed with the clerk of the court by using the CM/ECF system, which will send notice of electronic filing to the following:

J. Phillip Gragson
Amanda S. Vogelsberg
John H. Hutton
Kara L. Eisenhut
Henson, Hutton, Mudrick, Gragson
& Vogelsberg, LLP
3649 SW Burlingame Rd., Ste. 200
Topeka, KS 66611-2155
*Attorneys for Plaintiffs*

/s/ Matthew L. Shoger
Matthew L. Shoger