IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMANDA MIRACLE, et al.,

    Plaintiffs,

    v.

KEN HUSH, et al.,

    Defendants.

Case No. 23-4056-JAR-GEB

# MEMORANDUM AND ORDER

Plaintiffs were all tenured professors at Emporia State University ("ESU") when they were notified on September 15, 2022, that their employment would terminate the following May. They brought this civil rights action under 42 U.S.C. §§ 1983 and 1985 for violations of their procedural and substantive due process rights under the Fifth and Fourteenth Amendments, their equal protection rights under the Fourteenth Amendment, and their freedom-of-association rights under the First Amendment. They named as individual defendants several ESU officials and members of the Kansas Board of Regents ("KBOR"). Except for Defendant Ken Hush, Plaintiffs bring claims against Defendants in their individual capacities only. They allege claims against Hush in both his individual capacity and in his official capacity as the President of ESU for prospective relief only.

On December 5, 2024, the Court granted in part and denied in part Defendants' Motion to Dismiss the Second Amended Complaint ("SAC").[1] The Court dismissed Counts V, VII, and IX—the conspiracy claims under 42 U.S.C. § 1985. The Court also granted Defendants' motion to dismiss the liberty-interest claim in Count IV against Defendants Thomas, Miller, Harrison-

---

[1] Doc. 54.

Lee, Kiblinger, Ice, Lane, Winter, Feuerborn, Bangerter, Hutton, Rolph, Schmidt, Brandau, Van Etten, Benson, Mendoza, and Dicus.  The Court otherwise denied Defendants' motion to dismiss, including on their qualified immunity defense.  Defendants moved to reconsider, and while the Court provided clarification and a correction to its December 5 Order, it denied Defendants' motion to alter or amend its rulings.[2]  On February 25, 2025, the individual Defendants filed a Notice of Interlocutory Appeal.[3]

Before the Court is Defendants' Motion to Stay Discovery (Doc. 64), and Plaintiffs' request to certify Defendants' appeal as frivolous.[4]  The motions are fully briefed, and the Court is prepared to rule.  For the reasons discussed below, the Court declines to certify the appeal as frivolous, and grants the motion to stay pending interlocutory appeal.

## I.     Plaintiffs' Request to Deem Interlocutory Appeal Frivolous

In their response opposing Defendants' motion to stay, Plaintiffs ask this Court to deem the interlocutory appeal frivolous and to retain jurisdiction.  Because granting this request implicates this Court's jurisdiction and would require the Court to deny Defendants' motion to stay, the Court considers it first.

Generally, courts of appeal have jurisdiction over "final decisions" of the district courts.[5] There is a "small class" of prejudgment orders, however, "that, though short of final judgment, are immediately appealable because they 'finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review.'"[6]  An appeal from

---

[2] Doc. 58.

[3] Doc. 60.

[4] Doc. 66 at 9–11.

[5] 28 U.S.C. § 1291.

[6] *Behrens v. Pelletier*, 516 U.S. 299, 305 (1996) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)).

the denial of qualified immunity falls within this small class of cases "to the extent that it turns on an issue of law."[7]  Generally, the district court and court of appeals should not exercise jurisdiction over a case at the same time; thus, a notice of interlocutory appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[8]

The Supreme Court and the Tenth Circuit have acknowledged that this right to interlocutory appeal creates an opportunity for abuse; therefore, the Tenth Circuit developed a process for certifying an interlocutory appeal as "frivolous," thereby allowing the district court to retain jurisdiction during the pendency of the appeal.[9]  Under Tenth Circuit law, the "potential misuse of interlocutory review [can] be prevented if the district court '(1) after a hearing and, (2) for substantial reasons given, (3) [finds] the claim to be frivolous.'"[10]

Plaintiff bears the burden of demonstrating that the appeal is frivolous.[11]  An appeal is "frivolous if the result is obvious, or the arguments of error are wholly without merit,"[12] or if it is "baseless, unfounded or a sham."[13]  If the Court certifies an interlocutory appeal as frivolous,

---

[7] *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

[8] *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).

[9] *Behrens*, 516 U.S. at 310–11 (collecting cases); *Stewart*, 915 F.2d at 576–77.

[10] *Stewart*, 915 F.2d at 576 (quoting *United States v. Hines*, 689 F.2d 934, 937 (10th Cir. 1982)); *see also Apostol v. Gallion*, 870 F.2d 1335, 1338–39 (7th Cir. 1989) ("Defendants may take *Forsyth* appeals for tactical as well as strategic reasons: disappointed by the denial of a continuance, they may help themselves to a postponement by lodging a notice of appeal.  Proceedings masquerading as *Forsyth* appeals but in fact not presenting genuine claims of immunity create still further problems.").

[11] *Stewart*, 915 F.2d at 577.

[12] *Autorama Corp. v. Stewart*, 802 F.2d 1284, 1288 (10th Cir. 1986) (citing *DeWitt v. W. Pac. R.R.*, 719 F.2d 1448, 1451 (9th Cir. 1983)).

[13] *Bledsoe v. Bd. of Cnty. Comm'rs*, No. 16-2296-DDC-JPO, 2021 WL 1840069, at *4 (D. Kan. May 7, 2021) (quoting *Kickapoo Tribe of Indians v. Kansas*, Nos. 92-4233-SAC, 92-4234-SAC, 1993 WL 192795, at *5 (D. Kan. May 19, 1993)).

"both the district court and court of appeals shall have jurisdiction to proceed."[14] This allows the district court to proceed, despite the interlocutory appeal.[15]

The Court need not set this matter for hearing in order to determine that Plaintiffs have not borne their burden of demonstrating frivolousness. While Plaintiffs certainly have a good faith belief that their interpretation of the property right in question here is clear, the Court cannot find that Plaintiffs have met their burden of demonstrating that the result here is "obvious," or that Defendants' points of error are "wholly without merit." Indeed, for the reasons explained in the Court's original ruling and on reconsideration, there are several difficult legal issues at play on the property right claims. Among other things, the parties dispute how the KBOR's rule change allowing a temporary amendment to tenure rules impacted Plaintiffs' property rights in this case, upon which Counts I, II, and III are based. While the Court concluded that Plaintiffs' SAC stated a claim for relief that they had a property right in continued employment based on tenure rights established before the rule change, Defendants challenge to that contention is not frivolous. Moreover, Plaintiffs make no attempt to argue that the more general issue on appeal—whether they sufficiently alleged personal participation by the individual Defendants—is frivolous. Thus, the Court denies Plaintiffs' motion to certify the appeal as frivolous.

## II. Defendants' Motion to Stay Discovery and Related Rule 26 Proceedings

The next issue is whether the Court should stay this entire matter while the interlocutory appeal is pending. Plaintiffs argue for a complete denial of a stay and focus on the traditional stay factors that guide this Court's discretion to stay a matter, but Defendants decline to address

---

[14] *Hines*, 689 F.2d at 937 (quoting *United States v. Leppo*, 634 F.2d 101, 105 (3d Cir. 1980)).

[15] *Stewart*, 915 F.2d at 577 (quoting *Apostol*, 870 F.2d at 1338).

4

those factors.  Instead, Defendants take the position that this Court is divested of jurisdiction to proceed with discovery on any of the issues involved in the interlocutory appeal, and that as a prudential matter, discovery should be stayed on the remaining issues because they are intertwined with the issues on appeal.  The Court considers its jurisdiction over discovery in light of the interlocutory appeal, and then proceeds to consider the traditional stay factors.

A. **Jurisdiction**

As stated above, Defendants' interlocutory appeal on qualified immunity divested the Court of jurisdiction to "control . . . *those aspects of the case* involved in the appeal" against an appealing Defendant.[16]  "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'"[17]  Thus, Defendants are correct that the interlocutory appeal divested this court of jurisdiction over the appealed issues, including discovery.[18]

Defendants' motion to dismiss pertained to the individual-capacity claims only and invoked qualified immunity on two issues: (1) a general, two-paragraph challenge to the personal participation allegations against the individual Defendants on all claims; and (2) a challenge to the property right in continued employment that forms the basis of Plaintiffs' due process claims

---

[16] *Id.* at 575 (emphasis added); *see also Walker v. City of Orem*, 451 F.3d 1139, 1146 (10th Cir. 2006) ("The filing of the notice of appeal was an event of jurisdictional significance, which divested the district court from granting further relief concerning the issues on appeal.").

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991)); *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308, (1996)).

[18] *See Sanchez v. Hartley*, No. 13-CV-01945, 2016 WL 7176718, at *7 (D. Colo. Apr. 26, 2016) ("[A] stay of discovery during the pendency of an interlocutory appeal is consistent with the goals underlying the doctrine of qualified immunity.").

alleged in Counts I through III.[19]  This Court denied Defendants' motion on these two points and Defendants appealed.

Thus, the claims that survived Defendants' motion to dismiss are: (1) Counts I–III, alleging due process and conspiracy claims based on the assertion of Plaintiffs' property right in tenure; (2) Count IV, alleging a violation of Plaintiffs' liberty interest in their reputations and careers due to false and stigmatizing statements against the ESU Defendants only; (3) Count VI, alleging a violation of Plaintiffs' Equal Protection rights based on their status as tenured employees with "liberal" or "Democratic" views; (4) Count VIII, alleging a violation of Plaintiffs' freedom-of-association rights; and (5) Count X, alleging conspiracy under § 1983 on the basis of conduct alleged in Counts I, II, IV, and VI.  Also remaining are Plaintiffs' official-capacity claims against Hush on all remaining counts (Counts I–IV, VI, VIII, and X), which seek prospective relief only in the form of reinstatement and return of all benefits, conditions, duties, and responsibilities of employment enjoyed prior to Plaintiffs' termination.

Defendants' docketing statement in the Tenth Circuit identifies the following issues raised in the appeal:

 (1) The amendments to the tenure policy did not violate due process.

 (2) It was not clearly established that the tenure policy could not be amended through amendments to the policy.

 (3) For the terminations and attempted terminations, the due-process claims should be analyzed with regard to the amended tenure policy, and the constitutional requirements of due process were provided.

 (4) For the terminations and attempted terminations, it was not clearly established that any more process was constitutionally due.

---

[19] Doc. 45 at 11–15.

    (5)  Plaintiffs have not made plausible allegations of any conduct clearly established by law to connect defendants other than Hush to any violation.[20]

The interlocutory appeal divested the Court of jurisdiction to hear matters involving the above-listed issues. In addition to the property right issues that implicate Counts I through III (items 1 through 4 above), Defendants appealed this Court's ruling that Plaintiffs sufficiently alleged personal participation by each individual Defendant other than Hush on all of the individual- capacity claims (item 5). Thus, the Court finds that it lacks jurisdiction over discovery related to those issues on appeal.[21]

  **B.**  **Merits of Motion to Stay Claims and Parties not Involved in Interlocutory Appeal**

It is undisputed that the interlocutory appeal does not implicate all claims in this matter. Several merits-based issues and the official-capacity claims are not on appeal. Having determined the boundaries of the Court's remaining case-management jurisdiction, the Court must next consider whether it should stay discovery on these remaining issues.

The Court has broad discretion to stay proceedings,[22] and should generally consider the following factors on a motion to stay: "(1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."[23] When parties request a stay pending appeal,

---

[20] Doc. 69-1 at 7.

[21] Plaintiffs challenge the appellate court's jurisdiction over several of these issues because they are not "purely legal issues," but the Court defers to the Tenth Circuit to consider its own jurisdiction.

[22] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[23] *F.D.I.C. v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987); *see also Kramer ex rel. Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2021 WL 4902249, at *4 (D. Kan. Oct. 21, 2021).

the Court generally considers the following factors, which overlap with the traditional stay factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[24]

For the reasons set forth in its two decisions on the issues presented on appeal, the Court does not find that Defendants have made a strong showing that they are likely to succeed on appeal, and Plaintiffs certainly have an interest in proceeding expeditiously with discovery given the delay thus far due to multiple amendments to the pleadings and Defendants' motion to dismiss.  Discovery was effectively stayed until that process was complete, which took approximately 18 months.  The Court notes, however, that a large part of this delay was associated with Plaintiffs' amendments to the pleadings, which followed two different dispositive motions filed by Defendants.  Thus, to the extent the delay so far has caused prejudice, it is not wholly caused by litigating the qualified immunity defense and the interlocutory appeal.  Moreover, the Court notes that the parties have already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance.[25]

In contrast, failure to wait for the Tenth Circuit's ruling on the qualified immunity appeal will burden Defendants and the Court.  As discussed above, Defendants have appealed not just the property right issue in Counts I through III, but also the personal participation component of the remaining individual-capacity claims.  And there is substantial cross-over between the

---

[24] *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see S.E.C. v. Reven Holdings, Inc.*, No. 22-CV-03181, 2024 WL 3691603, at *1–4 (D. Colo. Aug. 7, 2024) (discussing which set of factors applies on a motion to stay pending interlocutory appeal).

[25] Doc. 76 at 3.

official-capacity claim against Hush in Counts I through III and the individual-capacity claims on those counts. Waiting on the Tenth Circuit's decision will conserve judicial resources, and if that court reverses, the issues about which the parties will conduct discovery may be considerably narrowed. The Court also finds that the interests of third parties and the public are best served by granting a stay so that there is clarity on the property right issues and, potentially, the appropriate Defendants named on each count. The Court therefore agrees with Defendants that the issues not on appeal are significantly intertwined with those that are, which on balance counsels in favor of a stay.

Because the Court finds that a stay of discovery is warranted on all claims, the deadlines set forth in the April 23, 2025 Scheduling Order are hereby vacated and will be reset after the Tenth Circuit rules on the interlocutory appeal.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Stay Discovery (Doc. 64) is **granted**. All deadlines are hereby vacated, to be reset upon further order of the Court.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiffs' request to certify Defendants' appeal as frivolous is **denied**.

**IT IS SO ORDERED.**

Dated: April 30, 2025

                                                    S/ Julie A. Robinson
                                                    JULIE A. ROBINSON
                                                    UNITED STATES DISTRICT JUDGE